**In re Theresa Virginia COLEMAN, Debtor.**

**Bankruptcy No. 3–79–02750.**

United States Bankruptcy Court, W. D. Kentucky.

Jan. 31, 1980.

Jan C. Morris, Louisville, Ky., for Chap. 13 debtor.

G. Wm. Brown, Louisville, Ky., for trustee.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

We are called upon for the first time to measure a tendered Chapter 13 petition against the requirements of the Bankruptcy Reform Act. Substantial compliance will, of course, result in the plan being confirmed; failure of compliance will bring about a denial of confirmation.

The petition of Theresa Virginia Coleman lists ten unsecured creditors owed a total of $4,845. Her plan proposes to pay them $1 each, or a total of $10.

Two secured creditors are listed. They are the Kissel Company, whose debt of $6,200 is secured by a first mortgage on the Coleman residence, and Georgia T. Wilcox, holding a junior mortgage on the residence in the amount of $3,593, which has been reduced to judgment in foreclosure proceedings.

The plan proposes to treat both mortgages outside the plan—that is, for Mrs. Coleman to continue to make both monthly mortgage payments in accordance with the contract terms, without any supervision or involvement by this Court or its trustee.

In addition, the plan provides for an arrearage of $1,500 on the Wilcox mortgage (a vendor's lien, actually, retained in the deed from Wilcox to Coleman) to be paid in full over the three-year life of the plan.[1]

At the confirmation hearing, Mrs. Wilcox appeared, by counsel, to formally reject the plan and to contend that the amount due is not simply the arrearage (reported as $1,500), but rather the full amount of principal, interest and costs, totaling $4,472, pursuant to the judgment in the foreclosure proceeding.

Also at the confirmation hearing, the trustee recommended against confirmation on the ground that the "plan"[2] had not been proposed "in good faith" as required by the Bankruptcy Code.[3]

Counsel for Mrs. Coleman argues that since the Code permits plan payments to extend over a three-year period (§ 1322(c)), the proposal to satisfy the vendor's lien arrearage within that period also satisfies the requirement of § 1322(b)(5) that a plan "provide for the curing of any default *within a reasonable time*" on any long-term secured claim.

Counsel asserts, in effect, that "three years" is synonymous with "reasonable time", and that a provision to cure a default within three years meets the reasonable time requirement. To this position the trustee takes gross exception, in his written recommendation against confirming the plan.

Anticipatory of appeal, counsel for the debtor requested that the controversy be reduced to written findings of fact and conclusions of law. They are herewith presented.

"1. Secured real estate—$9,380—paid outside plan
"2. Secured arrearage on payment on real estate $1,500—paid in full
"3. Unsecured $2,355—paid $1."
Thus is remarkably short shrift given to the detailed and precise requirements of plan content set out in § 1322 of the Code.

---

1. The arrearage is more than substantial. The vendor's lien retained by Mrs. Wilcox in a January, 1976 deed, was to have been retired at $25 per month over a period of *27½ years*. According to our computations based upon information available to us, not a single payment was made.

2. Only questioningly do we refer to the proposal as a "plan". In a small blank space on page 1 of the petition, the "plan" is presented in a scant 22 words:

3. § 1325(a)(3).

We concur in the recommendation of the trustee that confirmation should be denied. We hold that three years is not, on the facts of this case, a reasonable time within which to cure a default which was already four years old when the Chapter 13 petition was filed.

The grammarian will detect that we are here postulating a negative rule, not a positive one. We are *not* attempting to attach affirmative meaning to the intentionally flexible term, "reasonable time". We simply hold that three years is *not* a reasonable time within which to cure a default, on the facts of this case.

It is not our intention, in this case of first impression, to attempt to establish permissible parameters of "reasonable time", although we take notice of the prevailing practice of mortgage lenders, absent bankruptcy, of accepting accelerated payments (at a multiple of 1.25 to 2 times the regular payment) after a three-to six-month delinquency, as an alternative to foreclosure.

"Reasonable time" must remain a flexible concept, adaptable to the variegated sets of facts which different cases will present. To that extent, a judicial finding in a given case that a proposal to cure default falls within or beyond a "reasonable" time frame, is clearly a question of fact.

All we are prepared to conclude in this first test case is that Congress did not intend "reasonable time" and "three years" to run as chronological parallels. Our reference to the legislative history [4] reveals a wise congressional silence in the definition of "reasonable time", and we can only conclude that our national legislature intentionally relegated to the judiciary the duty of applying that term to the factual setting in which it appears.

Having disposed of the matter by application of the "reasonable time" concept, it is unnecessary to address the good-faith question raised by the trustee. Dealing as it does with an inquiry into state of mind, such an assertion would necessitate the taking of further proof.

Based upon the foregoing, it is hereby ORDERED that confirmation is denied the Chapter 13 plan of Theresa Virginia Coleman. This is a final order.

---

4. H.R.Rep. No. 595, 95th Cong. 1st Sess. 429 (1977): *See also* 5 Collier on Bankruptcy 1322–11 (15th Ed. 1979).