**In re Teresa Virginia COLEMAN, Debtor.**

**Teresa Virginia COLEMAN, Appellant,**

**v.**

**William BROWN, Trustee, Appellee.**

**No. C–80–0113–L(B).**

United States District Court,
W. D. Kentucky,
Louisville Division.

May 27, 1980.

Jan C. Morris, Louisville, Ky., for appellant.

G. William Brown, Louisville, Ky., Trustee in Bankruptcy, appellee.

## MEMORANDUM AND ORDER

BALLANTINE, District Judge.

This is an appeal from the Order of the Bankruptcy Judge denying confirmation of the Chapter 13 Plan submitted by Appellant, Teresa Virginia Coleman.

Bankruptcy Judge Merritt Deitz, in a comprehensive and well-reasoned opinion, denied confirmation of the Plan submitted by debtor. Mrs. Coleman's Petition listed 10 unsecured creditors to whom a total of almost $5,000.00 was owed. She proposed to pay each of these creditors $1.00. She also listed 2 secured creditors, Kissel Company, which held a first mortgage on her residence, the balance of which was $6200.00, and appellee, Georgia Wilcox, who held a vendor's lien inferior to Kissel's mortgage, in the amount of $3593.00. The Wilcox lien has been reduced to judgment in the Jefferson Circuit Court and the balance due including principal, interest and costs is $4472.00.

The Plan—and we strain as hard as Judge Deitz did to dignify it by granting it that title—proposes to cure the default in the secured claim of Mrs. Wilcox over a 3-year period. Appellant argues that 3 years is a "reasonable time" within which to cure the default. She contends that the language found in Title 11 U.S.C. Section 1322(c), which provides that payments under the Plan may not extend over a period that is longer than 3 years, is synonymous with the "reasonable time" within which a default may be cured. 11 U.S.C. Section 1322(b)(5).

We concur with Judge Deitz that the definition of reasonable time must be determined on a case-by-case basis.

In this action appellant set forth in her Plan that the default to the claim of Mrs. Wilcox was $1500.00. This assertion simply isn't so. Mrs. Wilcox has reduced her claim to judgment for the entire principal, interest and costs.

From a monthly income of $381.00 appellant proposes to pay $137.00 per month toward curing the default and satisfying the obligation to Mrs. Wilcox. Appellant lists monthly expenses of $240.00 which, when added to the proposed Plan payment, amounts to a monthly outlay of $377.00.[1] A plan that leaves $4.00 to the debtor with which she must meet unexpected expenses and yet cope with inflation can hardly be said to have been proposed in good faith. 11 U.S.C. Section 1325(a)(3).

The Court finds that the holding of Judge Deitz that 3 years to cure default is not a reasonable time is amply supported by the record. The Court further finds that the proposed Plan does not meet the requirements of Sections 1325(a)(3) and (5).

The Order of the Bankruptcy Judge is affirmed in all respects.

---

1. The original Plan submitted by appellant listed monthly income of $296.00 and proposed payments of $52.00 added to $240.00 in fixed expenses. Where the additional $85.00 per month comes from is not clear from the record. In either event, appellant is left with $4.00 per month for unexpected expenses and inflation.