**In re Joseph R. and Zobeida M. ACEVEDO, Jr., Debtors.**

**Bankruptcy No. 880–05282.**

United States Bankruptcy Court,
E. D. New York.

March 18, 1981.

Donner, Fagelson, Hariton & Berka, P.C., Bay Shore, N. Y., for debtors.

Cullen & Dykman, Brooklyn, N. Y., for Brooklyn Sav. Bank.

Kenneth Kirschenbaum, Garden City, N. Y., Trustee.

C. ALBERT PARENTE, Bankruptcy Judge.

Brooklyn Savings Bank (hereinafter "bank") objects to the confirmation of the debtors' Chapter 13 plan. The bank alleges that the plan is statutorily defective under Section 1325(a)(5) of the Bankruptcy Code in that it fails to provide for the full satisfaction over the term of the plan pursuant to a state court foreclosure judgment.

*Factual Background*

The bank is the assignee of a first mortgage on the debtors' principal place of residence, known as 54 Glenmore Avenue, Central Islip, New York. The mortgage was taken to secure a loan in the principal sum of $26,500 together with interest at 8½ percent per annum. The term was to run from October 1, 1976, to October 1, 2006. Following the initial installment of $18.77, equal monthly installments of $203.79, inclusive of interest, were to be paid over this period.

Since September 1, 1979, the debtors have failed to effect payment in accordance with the terms of the mortgage. After exercising its right to accelerate the entire outstanding balance, the mortgagee, on April 1, 1980, commenced a foreclosure action in the Supreme Court of the State of New York, County of Suffolk. The state court granted a default judgment in favor of the bank and referred the matter to a Referee to compute the amount due and to determine whether the premises could be partitioned. The Referee's report of July 18, 1980, set the amount then due at $29,249.01

and determined that the premises could not be partitioned.

On August 29, 1980, the state court granted final judgment of foreclosure and sale in accordance with the Referee's findings.

The debtors filed for relief under Chapter 13 of the Bankruptcy Code on September 5, 1980. By virtue of the automatic stay imposed by Section 362, 11 U.S.C. Section 362 (Supp. III 1979), the bank is currently prevented from enforcing the state court judgment.

The plan submitted by the debtors provides *inter alia* that the mortgage defaults will be cured by full payment of arrears within 36 months and that current payments will be made outside the plan. The bank objects to confirmation on the ground that the plan fails to provide for payment of the fully accelerated mortgage balance over the term of the plan.

*Issues*

The bank's objection to confirmation presents two issues for the Court's determination:

(1) May the debtors attempt to cure the pre-acceleration mortgage defaults and reinstate the original mortgage payment schedule where prior to the filing of their Chapter 13 petition, a state court had entered a final judgment of foreclosure and sale for the entire accelerated mortgage balance.

(2) Whether the proposed cure comports with the requirements of Section 1322(b)(5).

*Curing Pre-Acceleration Defaults*

This Court has recently addressed the issue of post-acceleration cure in *In re Taddeo*, 9 B.R. 299 (Bkrtcy.E.D.N.Y. 1981). In *Taddeo*, this Court held that Chapter 13 debtors may attempt, pursuant to Section 1322(b)(5), to cure pre-acceleration mortgage arrears and reinstate the original payment schedule of their mortgage, notwithstanding the existence of a state court foreclosure. Thus, the debtors herein may

properly put forth a plan which proposes such cure of defaults and reinstatement of the original mortgage payment schedule.

### The Adequacy of the Proposed Cure

 To pass muster, a plan taking advantage of the curative provisions of Section 1322(b)(5) must propose to effect cure within a "reasonable time." 11 U.S.C. Section 1322(b)(5). Obviously, the question of whether the proposed cure period is "reasonable" must depend upon the facts of the given situation. *See, In re Coleman*, 2 B.R. 348, 1 C.B.C.2d 530 (Bkrtcy.W.D.Ky.1980), *aff'd*, 5 B.R. 812, 3 C.B.C.2d 736 (D.C.W.D. Ky.1980); *In re King*, 7 B.R. 110, 3 C.B.C.2d 109 (Bkrtcy.S.D.Cal.1980).

Although Section 1322(c) allows a Chapter 13 debtor to propose a payment plan of up to three years' duration, that section is not to be construed as implicitly permitting a debtor to effect cure under Section 1322(b)(5) over a three year period of time. *See, Coleman, supra*, 2 B.R. 348, 1 C.B.C.2d at 532; *King, supra*, 7 B.R. 110, 3 C.B.C.2d at 112.

Factors to be considered in determining the reasonableness of a proposed cure include: (1) the amount in arrears; (2) the nature of the obligation; (3) the nature of the property held as security, if any; and (4) the degree of the debtor's effort to effect prompt cure.

In the schedules annexed to their Chapter 13 petition, the debtors list their anticipated future income as $1,922.49 per month, and their monthly expenses, including current mortgage payments, as $1,469.00. After allowing for the monthly sum of $251.47 to be paid under the plan, this leaves the debtors with $202.02 of un-committed income per month. It therefore appears that the debtors are in a position to cure the existing defaults in a more expeditious fashion.

### Conclusion

The Court finds that the proposed three-year curative period is not "reasonable" under the facts of the present case. Thus, the debtors' plan in its present form is defective under Section 1322(b)(5) and cannot be confirmed.

The Court further finds that under the present facts, a reasonable curative period would be one not in excess of eighteen months. The debtors are hereby granted fifteen days to file an amended plan which comports with the findings of this Court.

Settle order.