In re Maxine MILLER, Debtor.

Bankruptcy No. 3–84–01461(B).

United States Bankruptcy Court,
W.D. Kentucky.

March 4, 1985.

Wayne C. Daub, J. R. Bartholomew, Louisville, Ky., for debtor.

Henry Schildknecht, Louisville, Ky., for Southeast Mortgage Co.

William W. Lawrence, Trustee.

### MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on objection to confirmation of the plan filed by the creditor, Southeast Mortgage Company, pursuant to 11 U.S.C. 1322(b)(5).

The basic facts are uncontroverted and are as follows:

The debtor filed a Chapter 13 petition proposing a plan whereby this creditor's secured claim on residential realty will be satisfied by payment of the accrued arrearage by the Trustee with current monthly payments to be made directly by the debtor. Prior to the filing of this petition, the objecting creditor had instituted a foreclosure proceeding in the Jefferson Circuit Court and had proceeded to judgment. After the entry of the foreclosure judgment, but prior to the sale of the real estate, the debtor filed this petition for Chapter 13 relief.

The issue presented is whether the judgment amount may be deaccelerated, treating only as the arrearage to be cured, pursuant to Section 1322(b)(5), the monthly payments due and owing, rather than the total note and judgment.

Both parties have tendered Memorandum in support of their respective positions. The debtor relies upon the current trend in decisions permitting deacceleration after judgment and providing only for curing of those payments actually in default. The creditor relies primarily on the identical fact question addressed in *In re Coleman*, 2 B.R. 348 (W.D.Ky.1980).

In a recent case emanating from this District and addressing this identical issue, Judge Johnstone, United States District Judge for the Western District of Kentucky, held that the foreclosure judgment could be deaccelerated, treating under Section 1322(b)(5), only those payments actually in default. *In re Larkins*, Case No. C84–0241–0(J), entered February 14, 1985. While taking note of the dicta expressed by Judge Ballantine in *In re Coleman, supra,* Judge Johnstone notes that the Second, Fifth, and Seventh Circuit Courts of Appeal, in ruling on this question, have agreed that deacceleration of the judgment is proper.

This issue having been fully and exhaustively litigated in *Larkins,* and based on the rationale and authorities contained therein, the objections of the creditor must be overruled.

This Memorandum-Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate Order has been entered this 4th day of March, 1985.