**In re Anna Lee EVES, nka Anna Lee Finney, Debtor.**

**Bankruptcy No. 581–665.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 17, 1986.

Morris H. Laatsch, Akron, Ohio, for debtor.

Jerome Holub, Akron, Ohio, chapter 13 trustee.

## FINDING AS TO MODIFICATION OF PLAN

H.F. WHITE, Bankruptcy Judge.

On April 21, 1981 Anna L. Eves filed a petition under chapter 13 of title 11 of the United States Code. A summary of the chapter 13 plan was filed the same day, proposing a weekly payment of $25.00 to fund a seventy percent distribution to unsecured creditors and to pay secured creditors outside the plan. On May 18, 1981 the court entered an order for [weekly] payments to the trustee by way of payroll deductions by the debtor's employer. On June 12, 1981 the debtor filed an application for extension of duration of plan beyond thirty-six months, but no longer than sixty months. On August 6, 1981 the court confirmed the chapter 13 plan; at paragraph 13 of the order the court sustained the motion to extend the duration beyond thirty-six months as the debtor was not likely to complete a seventy percent plan in thirty-six months.

The debtor continued to make some payments into the chapter 13 plan, although they were not sufficient to pay creditors a seventy percent dividend on their claims as originally proposed. On May 29, 1986 and at a time when plan payments would provide a twenty-five percent dividend to unsecured creditors, the debtor filed a modification of plan whereby payments to unsecured creditors would constitute payment in full and secured creditors would be paid outside the plan. The proposed modification provided that it would be granted without hearing unless an objection was filed within twenty-five days of service. *See* 11 U.S.C. §§ 1329(b)(2) and 102(1)(B). Notice was given to all creditors on June 2, 1986.

On July 29, 1986 the chapter 13 trustee filed a motion to object [sic] to modification of the plan (herein "objection") as more than five years had elapsed since the first meeting of creditors. On September 2, 1986 the debtor filed a response to the objection, and a hearing was held on the objection on September 4, 1986. The trustee then filed a brief on September 15, 1986, and the debtor filed a reply brief on September 23, 1986.

The trustee argues that under 11 U.S.C. § 1329(c) a post-confirmation modification cannot provide for payments after five years from the time the first payment was due under the original plan, and that as the first payment was due May 18, 1981, five years have elapsed and the modification must be denied.

The debtor argues that five years have not elapsed between the confirmation of the plan and the filing of the modified plan, and that it is payment *to creditors* under

the plan, not payment *of debtor* under the plan that is the meaning of the relevant language. She further argues that the modification is to *terminate,* not extend, any payments to creditors under the plan with the resultant effect of reducing their percentage payment on claims from seventy percent to twenty-five percent. She also argues that the confirmation order permitted a plan extension up to a maximum of sixty months, and that as the first payment was made sometime after August 6, 1981, the confirmation date, the modification is permissible since it was filed within the five-year period of limitation and it provides for no further distributions to creditors.

The reply brief of the debtor underscores some of these arguments. She urges that "payment" as used in subsection 1329(c) means payment by the trustee to the creditors, and since under the proposed modification no payment will be made by the debtor or to the creditors, the modification complies with subsection 1329(c).

The chapter 13 form for amended plan prepared by debtor's attorney and filed June 2, 1986 provides that plan duration shall terminate upon approval of modification.

## II. *Issues Presented*

A. Whether "payments" as contemplated by 11 U.S.C. § 1329(c) mean payments by the debtor to fund the plan, or payments to creditors under the plan?

B. Whether the proposed modification is within five years as required by 11 U.S.C. § 1329(c)?

## III. *Discussion of Law*

The Bankruptcy Code contains two direct references to the proper duration of a chapter 13 plan. Subsection 1322(c) states that:

The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

Subsection 1329(c) also states that:

A plan modified under this section may not provide for payments over a period

that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

■ These provisions limiting plan duration to five years were added to correct the deficiencies of Chapter XIII plans of the Bankruptcy Act. The duration of those Chapter XIII plans was left entirely unrestricted and most proposed full payment of debts by lengthening the period of the plan without regard to the ability of the debtor to pay. 5 *Collier On Bankruptcy* ¶ 1300.-01 at 1300–15 (15th ed. 1986). Legislative history is replete with references to a limitation on the duration of a chapter 13 plan:

[A]n overly stringent and formalized chapter XIII (wage earner plans) has discouraged overextended debtors from attempting to arrange a repayment plan under which all creditors are repaid most, if not all, of their claims over an extended period. . . .

On the other hand, in certain areas of the country, inadequate supervision of debtors attempting to perform under wage earner plans have made them a way of life for certain debtors. Extensions on plans, new cases, and newly incurred debts put some debtors under court supervised repayment plans for seven to ten years. This has become the closest thing there is to indentured servitude; it lasts for an indentifiable [sic] period, and does not provide the relief and fresh start for the debtor that is the essence of modern bankruptcy law.

H.Rep. No. 95–595 at 117, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6077, 6078 (footnotes omitted). *See also, id.* at 118, 123, and 125. Post-confirmation modification was designed to address difficulty in the execution of the plan by allowing "a scaling down of payments, a temporary moratorium, or an extension of time for performance." *Id.* at 125, U.S.Code Cong. & Admin.News 1978, p. 6086. "In order to

protect the debtor, a plan may not provide for payments over a period that exceeds five years." *Id.* at n. 52. The relevant legislative history focuses on *payments by the debtor* into the plan and the ability of the debtor to pay, not payments made from the plan to creditors. From this the court concludes that the language of section 1329(c) contemplates the payment by the debtor into the plan.

■ Under the 1984 amendments to the Bankruptcy Code the debtor is required to "commence making the payments proposed by the plan within 30 days after the plan is filed." 11 U.S.C. § 1326(a)(1). However, this has long been this court's practice. This practice was necessitated by the proclivity of many chapter 13 debtors to delay the tender of payments into the plan, and their requests for repeated adjournments of the confirmation hearings. This consequent delay prejudiced the rights of creditors who couldn't pursue their claims against the debtor due to the imposition of the automatic stay. To require immediate funding was to encourage the prompt performance of the debtor as contemplated by the chapter 13 plan. This court's practice was made part of the Bankruptcy Code by the 1984 amendments.

In the instant case, an order was entered on May 18, 1981 requiring the debtor to make payments to the trustee before plan confirmation by payroll deduction. According to the debtor's chapter 13 statement, she was being paid weekly. Consequently, one can assume that the first payment into the plan was made on or about May 25, 1981. Debtor's modification was filed on May 29, 1986, five years and four days after the first payment into the plan.

However, subsection 1329(c) states that: "the court may not approve a period that expires after five years after such time." 11 U.S.C. § 1329(c). The antecedent to "such time" is "the time that the first payment under the original *confirmed* plan was due." *Id.* (emphasis added). In the instant case, the first payment was due on or about May 25, 1981, but this was in advance of confirmation date which was

August 6, 1981, which would make that payment the first payment under the unconfirmed plan. The first payment under the *confirmed* plan would be due presumably within one week following August 6, 1981, according to the debtor's weekly pay period. If the untimely objection of the trustee were stricken and the hearing had not been held, and there being no other objection filed, the modification filed May 25, 1981 could have been effective on the twenty-sixth day after notice was given and before five years following the first payment under the *confirmed* plan.

■ Legislative history to this section, and the language of the section itself, indicates that a post-confirmation modification can be effective without court approval, simply upon notice and opportunity for hearing. As the trustee's objection was untimely, the hearing was not necessary, nor was the court's approval. Legislative history indicates that the process was meant to be self-executing:

> Subsection (b) specifies that the normal provisions governing the plan and pre-confirmation modification apply to post-confirmation modification.
>
> The confirmation of a plan modified under this section requires court approval *only if a hearing is requested.* Otherwise, the general rules governing "after notice and a hearing" will apply.
>
> Subsection (c) places the same three year limit on the period of payments under the modified plan as is imposed on the original plan. The court is permitted, for cause, to approve a longer period, up to five years.

H.Rep. No. 95–595 at 431, U.S.Code Cong. & Admin.News 1978, p. 6387 (emphasis added). "The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." 11 U.S.C. § 1329(b)(2).

### IV. *Conclusion*

Legislative history to the limitation on duration of chapter 13 plans contains expressions of Congressional abhorrence of prolonged plans. The five-year limitation

on duration is applicable to payments by the debtor under a confirmed plan. The trustee's objection was untimely. Furthermore, the post-confirmation procedure for modification of chapter 13 plans is meant to be self-executing. To dispel any confusion as to the effect of the trustee's objection an order approving modification *nunc pro tunc* shall be entered on this Finding. *See, e.g., Lawrence Tractor Co. v. Gregory (In re Gregory),* 19 B.R. 668, 6 C.B.C.2d 518 (Bankr. 9th Cir.1982), *aff'd* 705 F.2d 1118 (9th Cir.1983).