BEEZER, Circuit Judge:
 

 The 550 West Ina Road Trust appeals the Bankruptcy Appellate Panel’s (BAP) judgment affirming the bankruptcy court’s confirmation of Barry and Patricia Tucker’s Chapter 13 plan. The Trust primarily argues the plan should not have been confirmed because the Tuckers, shortly before filing for bankruptcy, concealed funds and prevented a deputy sheriff from seizing those funds in partial satisfaction of a judgment. We have jurisdiction under 28 U.S.C. § 158(d), and we reverse and remand.
 

 I
 

 The Trust obtained a judgment for about $50,000 against the Tuckers and executed on the judgment when Mr. Miniat, an attorney for the Trust, believed the Tuckers had approximately $7,000 in cash. Mr. Tucker testified as follows on the circumstances surrounding the $7,000 and the inquiries by the executing deputy sheriff:
 

 Mr. Miniat: Okay, so your wife has full knowledge of this money, and you give it to her. And tell me what you say to her when you give her the $7,000 in currency.
 

 Mr. Tucker: I say, put it somewhere.
 

 Q: Now, you say more than that.
 

 A: I say, put it somewhere. I don’t care where it is. Keep it. We’re going to need it to settle with Miniat. And in the meantime, I don’t want to know where it is.
 

 [[Image here]]
 

 Q: When she [the deputy sheriff] presented the writ, did she say that she was trying to collect money to satisfy the approximately $50,000 judgment?
 

 A: Yes. Well, she said she was out to enforce that something got done on it. In other words, you know, to make sure
 
 *330
 
 that you were working on settling it, or whatever.
 

 [[Image here]]
 

 Q: Did she ask you if you had $7,000?
 

 A: She asked me if I had $7,000.
 

 Q: What did you tell her?
 

 A: I told her no, I didn’t.
 

 [[Image here]]
 

 Q: Your wife had $7,000 in cash secreted at your request.
 

 A: That’s right.
 

 Q: And did you tell the sheriff that?
 

 A: No.
 

 [[Image here]]
 

 Q: And do you understand that she was asking if you had $7,000 in cash that was available to pay the 550 Trust judgment?
 

 A: I understood that was the purpose of her visit.
 

 Q: And did you deny that you had $7,000 in cash that was available to pay that judgment?
 

 A: I didn’t say that. I said, I don’t have $7,000, is what I said.
 

 [[Image here]]
 

 Q: Why didn’t you tell the sheriff that your wife had the $7,000 from the P.I. [personal injury] settlement?
 

 A: She didn’t ask if my wife had $7,000.
 

 Mr. Tucker insists he did not intend to deceive the deputy sheriff, and he “meant to convey that [he] did not have $7,000 to hand over to her on the spot to settle the judgment.”
 

 Within a few weeks, the Tuckers paid $6,500 on a loan that was fully secured by their residence and filed a Chapter 13 bankruptcy petition. The loan payment increased the Tuckers’ exempt equity interest in their residence by the amount of the payment, effectively placing the $6,500 beyond the reach of creditors.
 

 The Tuckers proposed a plan that provided for payment of $791 to the Trust. The Trust objected to plan confirmation, raising the issue that the Tuckers had not acted in good faith. The parties filed declarations, which incorporated the above testimony, and a hearing occurred. The bankruptcy court confirmed the plan using a pre-print-ed form.
 

 We independently review the bankruptcy court’s decision.
 
 In re Kimura,
 
 969 F.2d 806, 810 (9th Cir.1992). Findings of fact are reviewed for clear error and conclusions of law are reviewed
 
 de novo.
 

 Id.
 

 II
 

 The Trust argues the plan was not proposed in “good faith.” 11 U.S.C. § 1325(a)(3). The bankruptcy court must consider the totality of circumstances, including prepetition conduct, in deciding whether the debtor has “acted equitably.”
 
 In re Goeb,
 
 675 F.2d 1386, 1390 (9th Cir. 1982).
 

 Nothing said, written or signed by the bankruptcy court provides any basis for overruling the Trust’s good faith objection. The pre-printed confirmation order and associated minute entry order comprise the entire record of the court’s ruling. Those orders contain no factual findings and fail to address the Tuckers’ asserted bad faith refusal to comply with the deputy sheriff’s demand. Instead, the confirmation order merely quotes a portion of 11 U.S.C. § 1325(a)(3) in stating “the plan has been proposed in good faith.” This quotation does not substitute for findings of fact in resolving this contested issue.
 
 See In re Cornelison,
 
 901 F.2d 1073, 1075 (11th Cir. 1990). The BAP should have remanded the case to the bankruptcy court for sufficient findings on whether the Tuckers acted in good faith.
 
 In re Hall, Bayoutree Assocs., Ltd.,
 
 939 F.2d 802, 804-05 (9th Cir.1991).
 

 III
 

 The Trust contends the Tuckers did not commit all of their projected disposable income to the plan. 11 U.S.C. § 1325(b). Although the Trust raised this issue, the bankruptcy court did not specifically address it. The BAP should have remanded the matter to the bankruptcy court for the necessary findings and a decision.
 
 Hall,
 
 
 *428
 

 Bayoutree Assocs., Ltd.,
 
 939 F.2d at 804-05.
 

 IY
 

 The Trust argues it would be paid more under Chapter 7 than under the plan. We decline to review this issue because it was not brought before the bankruptcy court.
 
 In re Careau Group,
 
 923 F.2d 710, 713 (9th Cir.1991).
 

 REVERSED and REMANDED.