**In re Dannette M. MARTIN, Debtor.**

**UNITED CALIFORNIA SAVINGS BANK, Appellant,**

v.

**Dannette M. MARTIN; Paul De Bruce Wolff, Chapter 13 Trustee; and U.S. Trustee, Appellees.**

**BAP No. NC–93–1201–AsMeO.**
**Bankruptcy No. 92–47797–NP.**

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted on June 17, 1993.

Decided July 27, 1993.

---

David Brian Lally, Newport Beach, CA, for appellant, United Calif.

Daniel Scott Vaughan, Oakland, CA, for appellee, Dannette M. Martin.

Before: ASHLAND, MEYERS, and OLLASON, Bankruptcy Judges.

### AMENDED OPINION

ASHLAND, Bankruptcy Judge:

United California Savings Bank, formerly known as Anaheim Savings & Loan Association, appeals an order of the bankruptcy court confirming the Chapter 13 plan of the debtor Dannette M. Martin. We affirm.

### STATEMENT OF THE FACTS

On January 29, 1991 the debtor, Dannette Martin, executed and delivered a promissory note to Liberty Federal Service Corporation for $39,000 with interest at the initial rate of 14.5% per annum payable monthly according to its terms, with the note all due and payable on March 1, 1998. The note was secured by a deed of trust in Martin's residence to United California Financial Corporation as trustee for Liberty Federal. On September 23, 1991, debtor defaulted on the note and United filed a notice of default and election to sell. On January 16, 1992 United recorded a notice of sale of the property.

On February 5, 1992 Martin filed a Chapter 13 petition and a reorganization plan was confirmed on March 26, 1992. As of the date of the filing, Martin owed United $6,194.50 in pre-petition arrears on the note and deed of trust. On May 14, 1992 United filed a motion for relief from the automatic stay. The bankruptcy court entered an order conditioning the stay which provided that all post-petition note payments be brought current.

After the filing of Martin's Chapter 13 petition, Martin's disability income apparently dropped from $1,444 per month to $300 per month. As such, Martin failed to make payments as directed by the court's order conditioning stay and on September 8, 1992 United filed a notice of termination of stay. On September 29, 1992 the case was dismissed by the court pursuant to the trustee's motion.

On October 28, 1992 Martin filed a subsequent Chapter 13 case. The petition stated that the debtor's disability income had been increased and fixed at $1,444 per month and these changed circumstances gave rise to the second Chapter 13 filing. The plan provided for payment of the pre-petition arrearage of $3,850 to United over 60 months and regular monthly payments of $477 made directly to United. The debtor used all of her excess income to fund the plan.

United objected to the plan on the grounds that it misstated the pre-petition arrears to United, which should have been listed as $6,705.80; the plan violated Bankruptcy Code § 1322(b)(5) because United's claim would not be paid within a reasonable time as provided in that section; and the plan did not provide for payment of adequate interest on United's claim. The bankruptcy court corrected the amount of United's claim, overruled United's other objections, and confirmed the plan. The order was entered on February 9, 1993. United timely appealed the confirmation order.

### STATEMENT OF THE ISSUES ON APPEAL

Appellant United enumerates eight issues in its opening brief which can be condensed as follows:

1. Whether the Chapter 13 plan confirmed by the bankruptcy court was proposed in bad faith and, therefore, not subject to confirmation pursuant to § 1325(a)(3) of the Bankruptcy Code.

2. Whether the proposed payments to United, as set forth in Martin's second Chapter 13 plan, were within a "reasonable time" as contemplated by § 1322(b)(5).

3. Whether § 1322(c) requires Martin to make the payments proposed in her second Chapter 13 plan within 60 months from the first Chapter 13 plan.

### STANDARD OF REVIEW

A bankruptcy court's determination that a Chapter 13 plan is proposed in good faith, for purposes of confirmation of the plan, is a finding of fact reviewed under a clearly erroneous standard. *In re Metz*, 820 F.2d 1495, 1497 (9th Cir.1987); *In re Porter*, 102 B.R. 773, 775 (9th Cir. BAP 1989). Likewise, a determination of the "reasonable time" within which to make payments pursuant to § 1322(b)(5) is a question of fact. *In re Coleman*, 2 B.R. 348, 350 (W.D.Ky.1980), *aff'd*, 5 B.R. 812 (W.D.Ky.1980). However, Chapter 13 plan confirmation issues requiring only statutory interpretation are reviewed de novo. *In re Klein*, 57 B.R. 818, 819 (9th Cir. BAP 1985).

### DISCUSSION

#### I.

United argues on appeal that the debtor's second Chapter 13 plan was not proposed in good faith. This issue was not raised at the trial level and the court below made no findings in connection with the debtor's good faith in proposing the plan. As a general rule, an appellate tribunal does not consider an issue raised for the first time on appeal, but to do so is within the court's discretion. *In re Wind Power Systems, Inc.*, 841 F.2d 288, 290 n. 1 (9th Cir.1988) (citations omitted). When, as in this case, the determination requires the court to make factual findings, the appellate court is not likely to exercise that discretion. *Wind Power*, 841 F.2d at 290 n. 1.

It is the charge of this Panel to review the lower court's findings of fact on appeal, not to make factual determinations in the first instance. Therefore, like other panels in the past, we decline to address the issue of the debtor's good faith in proposing a Chapter 13 plan where the issue was not raised initially with the bankruptcy

court. *In re Taylor*, 77 B.R. 237, 240 (9th Cir. BAP 1987), *aff'd in part, rev'd in part on other grounds*, 884 F.2d 478 (9th Cir. 1989); *In re Gregory*, 19 B.R. 668, 669 (9th Cir. BAP 1982), *aff'd on other grounds*, 705 F.2d 1118 (9th Cir.1983); *see also, Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir.1984).

It should be noted that in support of its position, United submitted to the Panel the additional citation of *In re Tucker*, 989 F.2d 328 (9th Cir:1993). In *Tucker*, the court remanded a Chapter 13 plan confirmation for failure of the bankruptcy court to make sufficient findings on the good faith issue. The court stated, "[a]lthough the Trust raised the [good faith] issue, the bankruptcy court did not specifically address it. The BAP should have remanded the matter to the bankruptcy court for the necessary findings and a decision (citation omitted)." *Tucker*, 989 F.2d at 330. Here, United failed to raise the issue of good faith at the trial level. The bankruptcy court was, therefore, not required to make specific findings on the issue.

## II.

■ Section 1322(b)(5) of the Bankruptcy Code provides for the curing of long term debt through a Chapter 13 plan. The cure must be completed within a reasonable time.° 11 U.S.C. § 1322(b)(5). The Code does not shed light on what constitutes a "reasonable time." Case law has stated that the reasonable time to cure defaults under § 1322(b)(5) is a flexible concept, determined on a case-by-case basis, and is within the sound discretion of the trial court. *In re King*, 23 B.R. 779, 781 (9th Cir. BAP 1982) (citations omitted); *see also, In re Coleman*, 2 B.R. 348, 350 (W.D.Ky. 1980), *aff'd*, 5 B.R. 812 (W.D.Ky.1980). The time for cure is, however, limited by § 1322(c) of the Bankruptcy Code to three years, unless the court approves a longer period not to exceed five years. 11 U.S.C. § 1322(c).

■ In this case, United objects to Martin's treatment of its debt in the plan. Specifically, United argues that Martin should not be allowed to do in two plans what it would not have been able to do in one. Martin filed her first Chapter 13 plan on February 5, 1992, did not maintain her regular post-petition payments to United, then filed a second Chapter 13 petition on October 28, 1992. Subsequently, via her second Chapter 13 plan, Martin proposed to extend payments to United beyond those contemplated in the first Chapter 13 plan and beyond 60 months from the payments pursuant to the first Chapter 13 filing.

Confirmation of Martin's second Chapter 13 plan did not violate § 1322(b)(5), in that, United's payment proposed over 60 months was within a reasonable time as provided in that section. United's rights under the contract were not modified. United was to receive the full amount of its pre-petition arrearage under the note and deed of trust; $6,705.80 over the course of the plan (including nine months of arrears plus late charges, a $1,934.04 trustee fee, and $282.50 in miscellaneous charges). Furthermore, according to the note and deed of trust, the loan was to be fully paid in 1998. Therefore, the plan did not substantially change United's expectation of repayment. Additionally, the debtor was funding the plan with all of her excess income and required the 60 months to pay off her debts under the plan.

## III.

The final question is whether Martin's second plan violates § 1322(c) because the payments to United extended beyond 60 months from Martin's first Chapter 13 plan. The 60 month time period begins to run from the date the first payment becomes due after confirmation of the debtor's Chapter 13 plan. *West v. Costen*, 826 F.2d 1376, 1378 (4th Cir.1987) and *In re Eves*, 67 B.R. 964, 967 (N.D.Ohio 1986); *cf., In re Duckett*, 139 B.R. 6, 7–8 (E.D.Tex. 1992) and *In re Cobb*, 122 B.R. 22, 26–27 (E.D.Pa.1990) (60 month period runs from date debtor is first obligated to make payments; 45 days after filing the case); *In re Woodall*, 81 B.R. 17, 18 (E.D.Ark.1987) (60 month period runs from entry of order to commence payments).

Here, the first payment due under Martin's second Chapter 13 plan was in March 1993; 60 months from that date would be March 1998. Hence, Martin's payments under the plan will be made within that 60 month period.

However, United argues that where, as in this case, there are multiple Chapter 13 filings, the 60 month calculation begins with the first filing. There is case law in support of this position. *See, In re Huerta,* 137 B.R. 356, 370–71 (C.D.Cal.1992); *In re Thomas,* 123 B.R. 552, 554 (W.D.Tex. 1991); *In re Jackson,* 91 B.R. 473, 474–75 (N.D.Ill.1988).

In spite of the case law favoring United's position, we cannot find that the bankruptcy court erred by confirming the debtor's 60 month plan under the given facts. Neither § 1322(c) nor the legislative history conditions the time limitation of § 1322(c) in the event of multiple filings. That section merely states that, *"[t]he plan* may not provide for payments over a period" of over three years, or, if appropriate, a longer period not to exceed five years. 11 U.S.C. § 1322(c) (emphasis added). As stated, the Chapter 13 plan in question does not exceed this time period.

We acknowledge that the filing of consecutive Chapter 13 plans could have the effect of achieving through multiple plans that which could not be achieved in one plan. And, in certain circumstances, the debtor could use the multiple filings to abuse the bankruptcy process. But avoiding such abuse could more effectively be achieved by denying confirmation of the plan for lack of good faith than by adopting a bright line rule that the cumulative time frame of multiple Chapter 13 filings cannot exceed five years, especially where the Bankruptcy Code does not require such an interpretation.

### CONCLUSION

For the foregoing reasons, the order of the bankruptcy court confirming the debtor's Chapter 13 plan is affirmed.