73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Robert J. FUTORAN, Debtor.
Robert J. FUTORAN, M.D., Appellant,
v.
Dayle FUTORAN, Appellee.
 No. 94-56240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1995.*
Decided Dec. 20, 1995.
 
 1
 Before: FARRIS and RYMER, Circuit Judges, and SINGLETON, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert J. Futoran appeals the District Court's order affirming the decision of the Bankruptcy Court. We affirm.
 
 
 4
 He contends that the Bankruptcy Court erred in finding that the indemnity provision in his Marital Termination Agreement covers the bankruptcy Trustee's claim against the $290,000 spousal support buyout payment.[1] The Bankruptcy Court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. In re Tucker, 989 F.2d 328, 330 (9th Cir.1993). The Bankruptcy Court did not err in finding that the indemnity provision covers the Trustee's claim.
 
 
 5
 Even if the language of the indemnity provision did not appear to encompass the Trustee's claim, "[u]nder Pacific Gas, it matters not how clearly a contract is written, nor how completely it is integrated, ... the contract cannot be rendered impervious to attack by parole evidence." Trident Ctr. v. Connecticut Gen. Life Ins., 847 F.2d 564, 569 (9th Cir.1988) (relying on Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & R. Co., 69 Cal.2d 33, 37-39 (1968)). The Bankruptcy Court heard testimonial evidence from both Dayle and Robert Futoran. That testimony provided a substantial basis for the court's finding that they "intended that the indemnity provision would apply to any claim by any creditor against the [support] buy-out payment." There was no error.[2]
 
 
 6
 Robert Futoran also argues that the Bankruptcy court erred in holding that the indemnity obligation was "in the nature of support" and therefore a nondischargeable obligation under 11 U.S.C. Sec. 523(a)(5). We reject the argument.
 
 
 7
 Section 523(a)(5) provides that any obligation "[t]o a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separate agreement, divorce decree" is nondischargeable. An obligation is nondischargeable if it is "in the nature of ... support." Stout v. Prussel, 891 F.2d 859, 861 (9th Cir.1982). The Bankruptcy Court could properly determine, based on the evidence presented, that the indemnity obligation was 'in the nature of support' and nondischargeable. "Because the right to a discharge in bankruptcy is a matter generally left to the sound discretion of the bankruptcy judge, we disturb this determination only if we find a gross abuse of discretion." Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir.1984).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable James R. Singleton, United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The indemnity provision provides:
 "16. Indemnification Against Claims by Creditors of Respondent
 Respondent shall indemnify Petitioner for all damages resulting from any claims by any and all creditors of Respondent against the community property interest of Petitioner, as established by this Judgment, in any assets set forth in this Judgement or any benefit under [certain pension and profit sharing plans]."
 
 
 [2]
 Robert Futoran's argument--that Pacific Gas does not apply where, as here, the contract contains an integration clause--is without merit. Although parole evidence cannot be used to add to or vary the terms of a contract with an integration clause, "[e]xtrinsic evidence is admissible, however, to explain what the parties meant by the language they used. Aragon-Haas v. Family Sec. Ins. Serv., Inc., 282 Cal.Rptr. 233, 238 (1991) (citing Pacific Gas, 69 Cal.Rptr. at 565)