**In re William J. GURR c/o Nichola C. Gurr, Debtor.**

**Bankruptcy No. B–94–06134 PHX JMM.**

United States Bankruptcy Court, D. Arizona.

April 1, 1996.

Virginia Matte, Davis & Lowe, P.C., Phoenix, AZ, for Chapter 13 Trustee.

Alan NewDelman, Phoenix, AZ, for Debtor.

### ORDER RE: MOTION
### FOR NEW TRIAL

JAMES M. MARLAR, Bankruptcy Judge.

March 14, 1996, the debtor, through counsel, filed a Motion For New Trial with respect to the court's Findings of Fact, Conclusions of Law, and Ruling denying confirmation of the debtor's amended and modified plan. The court has considered the pleadings and now rules.

As a threshold matter, the plaintiff's motion is properly characterized as a motion to alter the prior order. Pursuant to *Fed. R.Civ.P.* 59(e), made applicable here by *Fed. R.Bankr.P.* 9023, a judgment may be altered or amended if: (1) there was a manifest error of law; (2) there was a manifest error of fact; or (3) there is newly discovered evidence. 6A Moore's Federal Practice at 59–94; *see also In re Martinez,* 179 B.R. 90, 95 (Bkrtcy.N.D.Ill.1994); *Brown v. Wright,* 588 F.2d 708 (9th Cir.1978). None of these

elements have been established by the plaintiff.

The issue here is the allowable duration of a modified chapter 13 plan. In the present case the debtor filed his petition in July 1994. He proposed a plan which provided for 60 monthly payments to run from August, 1994 through July, 1999. The payments under the plan commenced in August 1994. The plan was confirmed in March 1995. Unfortunately, the debtor defaulted on his plan payments. In hopes of resuscitating his reorganization efforts, the debtor then proposed a modification of his plan which included a moratorium for the fifth through the ninth months (August, 1995 through December, 1995) and payments which would increase over time. More importantly, the modification would extend through March, 2000—60 months from the confirmation of the original plan, but 68 months from the commencement of payments under the original plan. The parties are in dispute over whether the modified plan complies with § 1329(c) which prohibits a plan from extending beyond 60 months after "the time that the first payment under the original confirmed plan was due." Indeed, there are two schools of thought on this issue. The first starts counting when the debtor begins making payment to the trustee (the "commencement of payments method"). The second starts counting with the first payment following confirmation (the "confirmation method"). In its prior ruling, this court adopted the former method of calculation. Consequently, the court denied confirmation of the modified plan. The debtor has now sought reconsideration of that ruling.

The focus of the plaintiff's argument is the Bankruptcy Appellate Panel decision *In re Martin,* 156 B.R. 47 (9th Cir. BAP 1993). While the *Martin* case involved an issue separate and distinct from the present dispute,[1] in the course of rendering its opinion, the panel cited to authority which followed the confirmation method of calculation. *See Martin, supra* at 51 citing *West v. Costen,* 826 F.2d 1376, 1378 (4th Cir.1987). The panel also made a statement which created the appearance that it was following the confirmation method of calculation:

> "the first payment due under Martin's second Chapter 13 plan was in March 1993; 60 months from that date would be March 1998. Hence Martin's payments under the plan will be made within [60 months from the date the first payment becomes due after confirmation of the debtor's Chapter 13 plan.]"

*In re Martin, supra* at 51. The panel then went on to affirm confirmation of the plan. This court previously acknowledged this conflicting statement of law, but concluded that it was nonbinding *dicta.* The debtor, however, continues to insist that calculating the plan's duration was necessary in order for the *Martin* panel to conclude that the plan was confirmable. Thus, the debtor argues that the conflicting law is binding authority.[2]

Perhaps the best way to illustrate the flaw in the debtor's reasoning is through the use of simple exercise of logic. We begin with the undisputed premise that, when the duration of the plan is in dispute, the payment commencement and the plan confirmation methods of calculation are irreconcilable. That being the case, there is a simple litmus

---

1. As this court noted in its prior ruling, the *Martin* panel was confronted with a debtor who filed chapter 13 and confirmed a plan shortly thereafter. Months later, her disability income was drastically reduced and, as a result, she defaulted on her plan payments. The case was ultimately dismissed. Subsequently the debtor's disability income was increased and she filed Chapter 13 for a second time. Her proposed plan provided for payments over a 60–month period. The secured creditor opposed the plan and argued that the second plan violated the 60–month rule. In asserting this argument, the secured creditor lumped the debtor's two cases together and argued that the 60–month limitation is measured from the commencement of

payments under the plan in the *first* case through the last payment in the *second* case. The BAP rejected the creditor's argument, concluding that "[n]either § 1322(c) nor the legislative history conditions the time limitation of § 1322(c) in the event of multiple filings." *In re Martin, supra* at 51. In other words, the limitations set forth in §§ 1322 and 1329 do not apply to serial filings.

2. This court acknowledges that authority from the Bankruptcy Appellate Panel is binding. *In re Proudfoot,* 144 B.R. 876 (9th Cir. BAP 1992). However, *dicta* is not binding regardless of its source. *See Export Group v. Reef Industries, Inc.,* 54 F.3d 1466 (9th Cir.1995).

test for determining whether plan duration was a critical issue in *Martin:* apply both methods of calculations to the facts. If neither method renders the plan unconfirmable, then duration of the plan was not at issue and the *Martin* panel did not need to rely on either method to reach its holding. Because the panel, nevertheless, made a statement about the method of calculation, such statement would, necessarily, be *dicta*. In contrast, if one (but not both) of the methods renders the plan unconfirmable, then plan duration was clearly in dispute and the panel must have embraced one or the other method of calculation in its holding.

 Applying this test to the facts in *Martin*, we must first consider the terms of the plan proposed in the debtor's second case. The plan (which had never been modified) called for 60 monthly payments. Under the payment commencement method of calculation, the plan's duration is not a problem: from commencement of the payments to the conclusion of the plan, the total number of monthly payments to be made was 60. This is within the allowable parameters of §§ 1322 and 1326. Interestingly enough, the same is also true under the plan confirmation method of calculation: between confirmation and the conclusion of the plan, the total number of monthly payments to be made was less than or equal to 60.[3] Under either method of calculation, the limitations imposed by §§ 1322 and 1329 were uncompromised. Thus, this court must conclude that the *Martin* panel did not need to embrace either method of calculation in reaching its holding regarding confirmation of the plan. Its statements with respect to the confirmation method of calculation were, therefore, *dicta*. This conclusion is underscored by the more recent statement from the panel wherein they cited with approval the payment commencement method of calculation. *See In re*

*Nicholes,* 184 B.R. 82, 87 (9th Cir. BAP 1995). Given these two conflicting statements of *dicta* from the Bankruptcy Appellate Panel, this is clearly an issue which is without binding precedent in the Ninth Circuit. This being the case, there has been no showing that this court committed a manifest error of fact or law. Wherefore,

**IT IS ORDERED** denying the Motion For New Trial.

---

3. Unfortunately, the factual recital in the *Martin* is ambiguous as to the date payments were to commence under the plan. Pursuant to § 1326(a)(1), payments must begin within 30 days of filing the plan, *"unless the court orders otherwise."* If the debtor in *Martin* commenced payments within 30 days of filing her plan, the duration of her plan, if calculated from confirmation, would be 56 months because her pre-confirmation payments would not be counted. However, the panel did state that the first payment due under the plan was to be made in March. *See Martin supra* at 51. This suggests that the court, by order, allowed the debtor to delay the commencement of her payments until after confirmation. That being the case, the duration of the plan would be 60 months exactly, because none of the payments would have been made pre-confirmation.