**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  POINT CENTER FINANCIAL, INC., <br><br> Debtor, <br> _____ <br><br> RICHARD M. KIPPERMAN, State Court Appointed Limited Post Judgment Receiver, <br><br> Appellant, <br><br> v. <br><br> HOWARD B. GROBSTEIN, Chapter 7 Trustee, <br><br> Appellee. | No.    17-56288 <br><br> D.C. No. 8:17-cv-00056-DSF <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before:  KLEINFELD, GILMAN,** and NGUYEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellant Richard M. Kipperman is the state-court-appointed receiver for The Brewer Group (Brewer). Appellee Howard B. Grobstein is the Chapter 7 trustee of the bankruptcy estate of the debtor, Point Center Financial, Inc. (PCF). Brewer contends that its judgment liens have priority over other creditor's claims to PCF's bankruptcy estate. Grobstein disagrees and seeks to use estate funds to pay the allowed administrative expenses of the accounting firms.

The central issue in this appeal is whether a pre-bankruptcy assignment of certain funds from PCF to CalComm Capital, Inc. (CalComm) occurred before or after the first of Brewer's judgment liens became effective. If the assignment occurred after the judgment liens became effective, then Brewer has a superior claim to these funds. But if the assignment occurred before the judgment liens became effective, then the Chapter 7 trustee has priority. This result is determined by reference to state law, *see Butner v. United States*, 440 U.S. 48, 55 (1979), and the parties do not dispute this governing principle as applied to the case before us.

The bankruptcy court concluded that Brewer did not prove that Brewer's judgment liens became effective before the PCF–CalComm assignment occurred. As a result, the bankruptcy court held that the Chapter 7 trustee has priority regarding the use of those funds. Brewer appealed to the United States District Court for the Central District of California, which affirmed the bankruptcy court's determination.

17-56288

On appeal to this court, the parties dispute (1) whether the first of Brewer's judgment liens attached on March 15, 2012 or March 16, 2012, (2) whether the trustee or Brewer has the burden of proving when the PCF–CalComm assignment occurred, and (3) if Brewer has the burden of proof, whether the bankruptcy court committed clear error in concluding that Brewer did not satisfy that burden. In addition, the parties dispute (4) whether the bankruptcy court erred in denying Brewer's motion for reconsideration.

## I. The first of Brewer's liens became effective on March 16, 2012.

Brewer claims that its earliest lien became effective on March 15, 2012, the date that it obtained a state-court order for PCF to appear for examination. The bankruptcy court, however, concluded that the earliest lien became effective on March 16, 2012, when that order was served on PCF.

We conclude that the bankruptcy court was correct because, under California state law, a lien is created when it is served on the debtor. Cal. Civ. Proc. Code § 708.110(d); *see also S. Cal. Bank v. Zimmerman (In re Hilde)*, 120 F.3d 950, 953 (9th Cir. 1997) ("A lien is created on all of the debtor's nonexempt personal property when the debtor is served with an order to appear for a debtor's examination.").

## II. Brewer had the burden of proving when the PCF–CalComm assignment became effective.

The bankruptcy court concluded that Brewer bore the burden of proving when the PCF–CalComm assignment occurred. Under the Bankruptcy Code, "the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." 11 U.S.C. § 363(p)(2). This means that the entity asserting an interest must prove that it—and not other entities—has the superior claim. *Chequers Inv. Assocs. v. Hotel Sierra Vista Ltd. P'ship (In re Hotel Sierra Vista Ltd. P'ship)*, 112 F.3d 429, 434 (9th Cir. 1997).

Brewer argues that the burden of proving an assignment falls "upon the party asserting rights thereunder." *See Neptune Soc'y Corp. v. Longanecker*, 240 Cal. Rptr. 117, 121 (Ct. App. 1987) (quoting *Cockerell v. Title Ins. & Tr. Co.*, 267 P.2d 16, 21 (Cal. 1954)). The Chapter 7 trustee, however, is not asserting any rights under the assignment from PCF to CalComm. Rather, Brewer is the party attempting to prove that its judgment liens have priority over the assignment. As a result, the burden is on Brewer to prove that its liens are valid and take priority.

III.   **The bankruptcy court's order lacks a sufficient basis for the conclusion that Brewer failed to sustain the latter's burden of showing that the first of Brewer's judgment liens attached before the PCF–CalComm assignment became effective.**

This case hinges on whether the first of Brewer's judgment liens attached before or after the PCF–CalComm assignment became effective, but the bankruptcy court did not make a conclusive finding as to the order of these events.

4                                                            17-56288

The court's original order simply said that the timing was "not clear." Moreover, the court inconsistently noted that the PCF–CalComm assignment paperwork might have been signed on or about March 15, 2012, and yet later seemed to endorse the contention of PCF's trustee that the assignment became effective sometime in February.

The record contains conflicting evidence. This prevents us from affirming under circumstances where the bankruptcy court did not clearly explain its basis for finding that Brewer failed to sustain the latter's burden of proof on this key issue. *See, e.g.*, *In re Tucker*, 989 F.2d 328, 330 (9th Cir. 1993) (cautioning that a court should remand to the bankruptcy court for sufficient findings when "[n]othing said, written or signed by the bankruptcy court provides any basis" for its finding).

Brewer need not prove the exact date that the PCF–CalComm assignment became effective, just that Brewer's lien attached prior to the date of the assignment. The record shows that the lawyer who drafted the assignment did not email the documents to PCF until March 15, 2012, and we have found no testimony in the record to establish that the assignment was executed prior to the first of Brewer's judgment liens attaching the following day. For that reason, we do not understand from the bankruptcy court's explanation why the circumstantial evidence did not establish that it was more likely than not that the assignment

17-56288

became effective after the liens attached.  Nor can we affirm on one of the alternative grounds mentioned by the bankruptcy court because those grounds were not argued before this court.

The proper action in such a case is to remand.  "If the bankruptcy court's factual findings are silent or ambiguous as to a material factual question, the district court must remand the case to the bankruptcy court for the necessary factual determination." *In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991).

## IV.    Conclusion

We therefore **VACATE** the district court's order and **REMAND** with instructions to send the case back to the bankruptcy court for it to clearly explain why Brewer did or did not sustain the latter's burden of proof to show that the PCF–CalComm assignment occurred before Brewer's March 16, 2012 judgment lien.  In light of this remand, we have no need to determine whether the bankruptcy court erred in denying Brewer's motion for reconsideration.