**In re Dale J. WOODALL and Cheryl D. Woodall, Debtors.**

**Bankruptcy No. LR 81–69M.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

Jan. 22, 1987.

Jimmy Eaton, Little Rock, Ark., for debtors.

A.L. Tenney, Little Rock, Ark., Trustee.

Doug Chavis, Little Rock, Ark., for IRS.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On January 26, 1981, the debtors filed a voluntary petition for relief under the provisions of chapter 13. The proposed plan was filed February 10, 1981, and on February 27, 1981, this Court entered an order directing the debtors to commence payments which were proposed under the plan pursuant to 11 U.S.C. § 1326. An objection to confirmation was filed and after a contested hearing on May 22, 1981, this Court took the case under advisement. The order confirming the plan was entered April 6, 1983.

The Internal Revenue Service (IRS) filed claims for postpetition taxes on June 23, 1982, June 20, 1983, and August 13, 1985. On August 5, 1986, the IRS filed a motion to dismiss the case because more than five years has elapsed since the case was filed. The only claims remaining to be paid in this case are the postpetition claims of the IRS.

The debtors argue that the case should not be dismissed because it has been less than five years since the plan was confirmed and also that the IRS lacks standing to file the motion because there is no provision in the plan to pay postpetition claims.

The argument that IRS lacks standing is without merit because the Bankruptcy Code specifically provides that the IRS may file postpetition claims. 11 U.S.C. § 1305 allows an entity to file a postpetition claim "(1) for taxes that become payable to a governmental unit while the case is pending."

11 U.S.C. § 1322(c) provides as follows: (c) The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court

**18**

may not approve a period that is longer than five years.

The plan states that it will run for thirty-six months.

The Bankruptcy Code does not address the issue of whether a plan may last longer than five years from the date it was filed because of the filing of postpetition claims. However, the legislative history concerning 11 U.S.C. § 1322(c) clearly indicates that chapter 13 cases should not be extended beyond five years, otherwise a debtor could become a "wage slave." *See* 5 *Collier on Bankruptcy* ¶ 1322.15 (15th ed. 1986).

As long as the chapter 13 case is pending, the automatic stay of 11 U.S.C. § 362 restrains postpetition creditors from taking action against "property of the estate" to collect their postpetition debts. 11 U.S.C. § 1306 defines property of the estate in a chapter 13 case to include property acquired postpetition and personal service earnings of the debtor acquired postpetition.

An entity with a tax claim, therefore, is forced to file a postpetition claim or wait until the case is closed in order to be paid because of the interrelationship of 11 U.S.C. §§ 362, 1305 and 1306. Unless the chapter 13 case is dismissed after five years from filing, a debtor may repose in chapter 13 for life. Nothing in the legislative history of chapter 13 indicates that Congress intended this result.

■ The Court is unaware of any reported cases on whether the five year prohibition should be computed from the time the case is filed or the time the plan is confirmed. Since 11 U.S.C. § 1326 provides for the commencement of payments under the plan thirty days after the plan is filed, it is more consistent to compute the time period from the date of the entry of the order to commence payments which was February 27, 1981. Under this computation, the case has been pending for more than five years and must be dismissed.

IT IS SO ORDERED.