SPROUSE, Circuit Judge:
The appellants, Katie E. West, Thennie V. Dent, Mary C. Jackson, Carroll C. Dawson, Martha G. Spangler, James L. Preston and the Legal Aid Society of Roanoke Valley (collectively West), appeal from the district court’s order affirming the bankruptcy court’s approval of the § 1328(a) discharge of William C. Costen, Jr. (“Costen” or “debtor”). 11 U.S.C. § 1328(a). Included in Costen’s discharged debts was a $9,893.26 judgment in favor of West for $1,500 in damages and $8,393.26 in attorneys fees arising from Costen’s violation of the Fair Debt Collection Practices Act.[1] 15 U.S.C. § 1692 et seq. On appeal, West, an unsecured creditor, contends that the discharge was improper because (1) Costen’s final payment extended beyond the statutory time limit, (2) his final payment exceeded the time limit set by his repayment plan, and (3) his repayment plan defrauded unsecured creditors like West. Finding no merit to these contentions, we affirm the order of the district court.
Costen filed a Chapter 13 bankruptcy petition on May 4,1981. When he filed his petition, there was a pending lawsuit against him by West, who was suing him under the Fair Debt Collection Practices Act to recover damages incurred from Cos-ten’s illegal debt collection practices. In *1378 August 1985, this litigation culminated in an award to West of $1,500 in damages and $8,393.26 in attorneys fees.
On the day he filed his petition, Costen also filed a repayment plan calling for thirty-six monthly payments of $2,900. Under the terms of the plan, secured creditors would be paid first, and creditors holding priority and unsecured claims would receive any remainder. On May 12,1981, the bankruptcy court ordered Costen to make payments to the trustee starting with the next pay period. The bankruptcy court confirmed the plan on September 4, 1981. Costen, however, fell behind in his payments under the original plan and, in February 1984, he filed a modified plan proposing twenty-five monthly payments of $2,200. The bankruptcy court confirmed this modified plan in April 1984 and ordered payments under the modified plan to start with the next pay period (May 1984). The district court affirmed the bankruptcy court’s decision in October 1984.[2]
In March 1986, Costen filed a petition requesting that the bankruptcy court approve his final payment and subsequent § 1328(a) discharge under his modified plan. He proposed making the final payment by refinancing the mortgage on his residence. West objected to this request, contending that her judgment debt would be extinguished if the court granted Costen a § 1328(a) discharge. Such a result, she alleged, would defraud unsecured creditors like herself. West also filed a petition requesting a further modification of Costen’s plan, one that would require Costen to pay West’s judgment in full before receiving his discharge. In its May 21, 1986 order, the bankruptcy court denied West’s petition for modification and overruled her objections to Costen’s final payment and discharge. In addition, the court approved Costen’s request to pay out the existing plan by refinancing his residence and granted him a § 1328(a) discharge — conditioned, of course, on Costen making the final payment, which he made on July 11, 1986.
West did not appeal the denial of her requested modification of Costen’s plan. Instead, she appealed only the bankruptcy court’s overruling of her objections to Cos-ten’s discharge. The district court affirmed the bankruptcy court’s decision. This appeal follows.
West first contends that the bank-
ruptcy court had no authority to grant Cos-ten a § 1328(a) discharge because his final payment was not made until July 11, 1986, which, she asserts, was outside the five-year period permitted by § 1329(c). 11 U.S.C. § 1329(c). We disagree. Section 1329(c) provides:
A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.
11 U.S.C. § 1329(c). Although Costen filed his original plan on May 4, 1981, and the bankruptcy court ordered him (on May 12) to start making payments with the next pay period, the plan was not confirmed until September 4, 1981. The due date of the first payment after September 4 was “the time that the first payment under the original confirmed plan was due.” Id. Payment under the modified plan could therefore have extended until September 1986 and, since Costen made his final payment in July 1986, he met the five year statutory deadline.[3]
West next contends that Costen’s discharge was improper because his final payment was not made until after the date called for in the modified plan. Again, we disagree. Under the terms of the modified plan confirmed by the bankruptcy court in April 1984, Costen had twenty-five months, *1379 beginning in May 1984, to complete payments. He filed his petition for final payment approval and discharge in March 1986. Because of procedural delays not attributable to Costen, the bankruptcy court did not grant Costen’s request until May 21,1986. The court then approved the final proposed payment and ordered Cos-ten’s discharge, on the condition he make that final payment, which Costen made on July 11, 1986. Under these circumstances, it is clear that Costen did not abandon his plan[4] and the delay beyond the plan period, if any, was justified by the procedural developments necessary for the bankruptcy court to implement Costen’s final request to complete the plan.
Finally, West contends that Cos-ten’s discharge was improper because it defrauded the unsecured creditors. Section 1328(a) provides: “[a]s soon as practicable after completion by a debtor of all payments under the plan, ... the court shall grant the debtor a discharge____” 11 U.S.C. § 1328(a) (emphasis added). Once Costen completed his payments the bankruptcy court had no choice but to grant him a discharge. See In re Tackaberry, 13 B.R. 881, 882 (Bankr.D.Minn.1981). West could have objected to the confirmation of Costen’s modified plan in April 1984, or she could have appealed the bankruptcy court’s denial of her March 1986 motion to modify Costen’s plan. She pursued neither course of action and is now barred from objecting to Costen’s § 1328(a) discharge on this basis.
In view of the above, the judgment of the district court is affirmed.

. In awarding damages and attorneys fees to West, the district court found that Costen had obtained money by "false pretenses" and through "false representations,” as defined by § 523(a)(2) of the Bankruptcy Code. 11 U.S.C. § 523(a)(2). This judgment debt would not have been discharged in a Chapter 7 bankruptcy proceeding or in a § 1328(b) hardship discharge; however, it is discharged under the more lenient provisions of § 1328(a).

. This appeal was taken not by West but by one of Costen’s secured creditors.

. Although Costen may have had payments due prior to September 4, 1981, these payments are excluded from our calculations because they would have been due under Costen’s unconfirmed plan. See In re Eves, 67 B.R. 964, 967 (Bankr.N.D.Ohio 1986).

. See In re Shaffer, 48 B.R. 952, 955-56 (Bankr.N.D.Ohio 1985), to the effect that a debtor cannot obtain a § 1328(a) discharge if he abandons his plan by failing to make payments.