**In re Dennis Paul HOWELL, Debtor.**

**Bankruptcy No. 383–00966–H13.**

United States Bankruptcy Court,
D. Oregon.

Nov. 24, 1986.

As Amended Sept. 9, 1987.

Kent Snyder, Portland, Or., for debtor.

Robert W. Myers, Trustee, in pro. per.

MEMORANDUM OPINION

HENRY L. HESS, Jr., Chief Judge.

The trustee, Robert W. Myers, filed objections to an amended plan filed by the debtor. At the hearing the trustee appeared pro per and the debtor appeared by his attorney, Kent V. Snyder.

In this case, an order was entered on May 27, 1983 confirming the debtor's plan dated March 14, 1983. This plan provided that the debtor would pay to the trustee $300 per month until the holders of general unsecured claims had been paid 70% of their allowed claims. There were no nonexempt assets. If the case had been administered as a Chapter 7 liquidation there would have been no distribution upon such claims. At the time of confirmation it was expected that it would require 53 payments to the trustee in order to provide total distribution upon general unsecured claims of 70%.

On August 14, 1984 the trustee filed a motion to dismiss the case on the ground that as of August 10, 1984 the plan payments had only been made through December, 1983. At a hearing on September 10, 1984 the court was informed that the reason for the debtor's defaults was that he was required to move to Seattle to accept employment with a new employer, that he incurred moving expenses, and that his earnings which were based upon commissions were slow to start. Upon this basis the court denied the motion to dismiss.

On November 13, 1984 the trustee again filed a motion to dismiss upon the ground that the last payment was received in September and that the plan was paid only through Februrary, 1984. At a hearing on February 4, 1986, the motion was denied upon the representation of the attorney for the debtor that an order would be submitted to the court requiring that the debtor's employer deduct from the wages and commissions of the debtor the monthly payment required by the plan and remit such deductions directly to the trustee. On February 25, 1985, such a wage order was submitted to and entered by the court.

On July 16, 1986 the trustee again filed a motion to dismiss on the ground that the debtor was then in default a total of 15 of the payments required by the plan. On August 27, 1986 the debtor filed an amended plan dated August 22, 1986. At the hearing on September 4, 1986 upon the motion to dismiss, the court was informed that the reason for the defaults in payments to the trustee were the result of another change in jobs. The court announced that the case would be continued if the debtor would resume payments within 60 days. Otherwise, the case would be dismissed.

The amended plan provides that the debtor would pay to the trustee $300 per month for ten months and that the general unsecured claims would be paid approximately 15%.

On September 16, 1986 the trustee filed objections to the amended plan on the ground that it was not filed in good faith in that it did not require the debtor to make a total of 36 payments to the trustee.

The trustee points out that because of past defaults in the original plan, it would be necessary for the debtor to make 13½ payments of $300 in order to make a total of 36 payments of $300. The debtor points out that between the time of the filing of the amended plan and three years from the effective date of the original plan there remain 10 months.

The trustee's objections present the legal question of whether 11 U.S.C. § 1325(b)(1)(B), as amended in 1984, requires, upon objection of the trustee, that the plan provide for at least 36 monthly payments of the debtor's disposable income or whether, to comply with this section, the plan must provide that the debtor obligate all of his disposable income for a period of three years commencing with the date the first payment under the plan is due. Or in other words, must the length of the plan be extended beyond three years in the event that during the first three year period the debtor is unable to make the payments called for by the plan?

11 U.S.C. § 1325(b)(1) provides that, upon objection, the court may not approve a plan "unless, as of the effective date of the plan—* * *

"(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan". 11 U.S.C. 1329 provides:

"(a) At any time after confirmation of the plan but before the completion of payments under such plan, the the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed insecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time."

■ Whereas under 11 U.S.C. § 1307 the debtor has an absolute right to convert a chapter 13 case to a case under chapter 7 or to dismiss a chapter 13 case, the power of the court to convert a chapter 13 case to a case under chapter 7 or to dismiss a chapter 13 case upon request of a party in interest other than the debtor upon the ground of a material default of the debtor

with respect to a term of a confirmed plan, is discretionary. *In re Green*, 64 B.R. 530 (Bankr. 9th Cir.1986). Thus, the fact that a debtor has missed making one or more payments required by the plan does not entitle creditors to an automatic dismissal or conversion of the chapter 13 case. It would be appropriate for the court to consider why such payments were not made. If the failure to make the payments called for by the plan were due to circumstances for which the debtor should not be held accountable the court might deny a request to dismiss or convert the case. On the other hand if the court were to find that the failure to make payments was due to intentional failure to make payments at a time when the debtor was financially able to do so, the court might dismiss the case.

■ Section 1322(c) provides that the plan may not provide payments over a period that is longer than three years, unless the court, for cause approves a longer period. Considering the provisions of §§ 1307, 1322, 1325 and 1329 the court concludes that the amended plan in this case should be approved.

The test provided by § 1325(b)(1)(B) is prospective which, as a practical matter it must be. It speaks of the debtor's "projected" income. If the projected income is committed for a period of three years, the test is met. The test speaks of a period of time rather than a number of payments. Section 1329(c) provides that a modified plan may not provide for payments over a period that expires three years after the time that the first payment under the original confirmed plan was due. Thus, all three sections, 1322(c), 1325(b)(1)(B) and 1329(c) speak of a period of time rather than a number of payments. Discretion is called for under § 1307(c) when a party in interest requests dismissal on the ground that there has been a material default by a debtor in payments to the trustee. Taken together these sections indicate a Congressional policy that a debtor should not be obligated to make payments to the trustee over a period longer than three years unless for cause, a longer peri-

od is approved by the court. This court has previously held that such cause must be one which is of benefit to the debtor. If it were otherwise then no plan of less than five years could be approved unless creditors could be paid 100% in less than five years.

The amended plan in this case obligates the debtor to make payments for 10 more months which is the number of months remaining in the three year period commencing with the date the first payment was due under the original plan.

An order will be entered approving the amended plan.