**In re Terry L. DUCKETT, Stanley M. Duckett, Debtors.**

**Bankruptcy No. 91–60073.**

United States Bankruptcy Court, E.D. Texas, Tyler Division.

March 25, 1992.

Charles E. Carruth, MaBank, Tex., for debtors.

David E. Long, Staff Atty., Tyler, Tex., for trustee.

Michael Gross, Tyler, Tex., Chapter 13 Trustee.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for hearing on the confirmation of the Fifth Amended Chapter 13 Plan of Debtors, Terry L. Duckett and Stanley M. Duckett, pursuant to a regular setting. This opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052 and disposes of all the issues presented to the Court.

Terry Duckett and Stanley Duckett, hereinafter ("Debtors"), filed for relief under Chapter 13 of the Bankruptcy Code on January 11, 1991. However, Debtors were unable to timely file a plan and in accordance with Federal Rule of Bankruptcy Procedure 3015 the Court extended Debtors' deadline for filing a Chapter 13 Plan to February 8, 1991.[1] While the Debtors failed to meet this deadline, a Chapter 13 Plan was ultimately filed on March 7, 1991.

Debtors experienced great difficulty in proposing a confirmable plan of reorganization. Due to disputes with creditors, Debtors were required to amend their plan on numerous occasions. On two occasions, confirmation was denied.

In the instant case, Debtors' proposed plan represents their fifth amended plan. At the regularly scheduled hearing, no objections to confirmation were pursued by creditors and the Chapter 13 Trustee recommended confirmation. Debtors' plan proposes to pay $326.42 per month for 60 months to the Chapter 13 Trustee beginning retroactively on November 7, 1991.

The Court expressed its concern that Debtors' plan was in violation of the prohibition against plans lasting in excess of 60 months. This concern was based on the Court's belief that the appropriate point at which to begin calculating the duration of a 60 month plan should be from the date the debtor first became obligated to make monthly payments to the Chapter 13 Trustee. In Debtors' case, even though Debtors filed for relief on January 11, 1991, their Chapter 13 Plan was not due until February 8, 1991. Pursuant to the Code, a debtor is obligated to begin making payments to the Chapter 13 Trustee within 30 days following the filing of a plan.[2] Therefore, by statute, Debtors were obligated to make their first payment to the Chapter 13 Trustee no later than March 8, 1991. It is from this point that the Court opined that the Debtors should begin calculating the absolute 60 month limitation to their Chapter 13 Plan.[3]

The Debtors and the Chapter 13 Trustee disputed the Court's interpretation of § 1322(c). They took the position that the appropriate starting point for the purpose of calculating the duration of a Chapter 13 Plan should be the date at which the first payment became due *under the plan.* (emphasis added). Since in this case, Debtors' plan called for the first payment to be made retroactively to November 7, 1991, the Debtors maintain that the five year period should run from that date to November 1996.

A debtor proposing to reorganize debts pursuant to Chapter 13 of the Bankruptcy Code is obligated to file a proposed plan of reorganization. 11 U.S.C.A. § 1321 (West 1979 and Supp.1991). Except upon leave of court, a debtor is required to file such a plan within 15 days following the initiation of a petition for relief. Fed. R.Bankr.P. 3015(b). Additionally, a debtor

---

1. The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 15 days thereafter and such time shall not be further extended except for cause shown and on notice as the court may direct......
Fed.R.Bankr.P. 3015(b), 11 U.S.C.A. (West 1984 and Supp.1992)

2. Unless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed.

11 U.S.C.A. § 1326(a)(1) (West 1979 & Supp. 1991)

3. The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

11 U.S.C.A. § 1322(c) (West 1979 & Supp.1991)

is obligated to initiate payments under the plan as proposed within 30 days following the filing of the plan. Section 1326(a)(1). Finally, the plan, as proposed, can not provide for a term of payments in excess of three years unless the court, for cause shown, extends the period. Under no circumstance may the court approve plans lasting more than five years. Section 1322(c).

The legislative history pertaining to § 1322(c) makes it abundantly clear that the rationale behind the requirement that plans not last longer than five years is to prevent the potential for unduly burdensome and lengthy repayment plans being imposed on debtors:

"... in certain areas of the country, inadequate supervision of debtors attempting to perform under wage earner plans have (sic) made them a way of life for certain debtors. Extensions of plans, new cases and newly incurred debts put some debtors under court supervisory payment plans for seven to ten years. This has become the closest thing there is to involuntary servitude ..."

H.R.Rep. No. 595, 95th Cong., 1st Sess. 117 (1977), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6078, *quoted in* 5 *Collier on Bankruptcy*, para. 1322.15 at 1322–37 (15th ed. 1991); *In re Eves*, 67 B.R. 964, 966 (Bankr.N.D.Ohio 1986).

■ Against this backdrop of legislative history, the Court is convinced that the appropriate time from which to begin calculating the length of a Chapter 13 Plan is the date at which the debtor is first obligated to begin making payments to the Chapter 13 Trustee. Although Debtors filed for relief on January 11, 1991, due to the extension granted by the Court, the Debtors were not required to file a plan until February 8, 1991. Since § 1326(a)(1) requires payments to the Chapter 13 Trustee to begin within 30 days after this date, the first date that Debtors were obligated to begin making payments to the Chapter 13 Trustee is March 8, 1991. In this case,

Debtors failed to comply with the Court's deadlines and filed a plan on March 7, 1991. While it is true that strict compliance with the statute would not obligate Debtors to begin making payments until April 7, 1991, this Court will not reward the Debtors for their lack of diligence in timely filing a plan. Accordingly, for the reasons stated, the starting point for payments under Debtors' Chapter 13 Plan is March 8, 1991. *In re Cobb*, 122 B.R. 22, 26 (Bankr. E.D.Penn.1990); *In re Woodall*, 81 B.R. 17, 18 (Bankr.E.D.Ark.1987).

The Court is aware of at least two other cases that hold that a debtor, in the context of a post-confirmation plan modification, may provide for as many as 60 payments being made under a Chapter 13 Plan beginning from the date the first payment is made after confirmation of the Chapter 13 Plan.[4] These two courts have used language in 11 U.S.C.A. § 1329(c) (West 1979)[5] to justify modified plans providing for as many as 60 payments following the date of confirmation. While one might argue that § 1329(c) provides for the 60 month period to begin the date the first payment is made after the original plan is confirmed, this Court does not have to address that question.

After filing a plan but prior to confirmation, the debtor is granted a respite from attempts by creditors to foreclose their legal rights by virtue of the automatic stay. During this period of time, even though the debtor is making payments to the Chapter 13 Trustee, no distributions are correspondingly being made to the creditors entitled to distribution under a Chapter 13 Plan. Only upon confirmation, will these creditors begin to receive distributions pursuant to the plan. 11 U.S.C.A. § 1326(a)(2) (West 1979 and Supp.1991). The longer the delay attendant to the discrepancy between the date the plan is filed and the date the plan is confirmed the longer the creditors must wait before receiving payments on their legitimate debts. Therefore, the interests of justice are served by encouraging debtors to propose and seek confirmation of

---

**4.** *West v. Costen*, 826 F.2d 1376, 1378 (4th Cir. 1987); and *In re Eves*, 67 B.R. 964, 966–967 (Bankr.N.D.Ohio 1986).

**5.** This section addresses post-confirmation plan modifications.

Chapter 13 Plans as quickly as possible. Delay should not be rewarded. *See In re Cobb, supra.*

Also, this Court is of the opinion that limiting a debtor to 60 payments from the date the first payment is made to the Chapter 13 Trustee under an unconfirmed plan is in the best interests of a debtor. The legislative history of § 1322(c) indicates that this provision of the Code was purposed to avoid the potential for prolonged plans thereby encumbering a debtor's ability to ever leave court supervised reorganization. A finding that the appropriate starting point to calculate the term of a Chapter 13 Plan is the date on which the first payment is made to the Chapter 13 Trustee following the filing of a plan is an interpretation more in accordance with the legislative history of § 1322(c). To accept Debtors' proposal would be to sanction an interpretation which would allow a debtor to languish in a preconfirmation state for an unfettered period of time only to be locked into an additional five year period of court supervised repayment. Such a state of affairs would result in the type of de facto seven or eight year plans that the legislative history to 1322(c) indicates that the Code intended to avoid.

For these reasons, it is the opinion of this Court that Debtors' proposed Fifth Amended Chapter 13 Plan violates the duration requirements of § 1322(c) and therefore should be DENIED.