**In re Ben EVANS, Jr., Jackie Evans, Debtors.**

**Barnee C. BAXTER, Chapter 13 Trustee, Movant,**

v.

**Ben EVANS, Jr., Jackie Evans, Respondents.**

**Bankruptcy No. 91–30207.**

United States Bankruptcy Court, S.D. Georgia, Dublin Division.

June 22, 1995.

Barnee C. Baxter, Chapter 13 Trustee, Augusta, GA.

H.G. Bozeman, Dublin, GA, for respondents.

### ORDER

JOHN S. DALIS, Bankruptcy Judge.

A motion to dismiss this bankruptcy proceeding for failure to make payments due under the plan was filed by the Chapter 13 trustee. At hearing, the debtors requested an opportunity to modify the plan and the trustee calculated the monthly payment amount necessary for the debtors to com-

plete the payment total originally confirmed November 12, 1991 under a five-year plan of repayment. During the course of the hearing, the debtor questioned when the calculation of the five-year payment period commences, from the date of the first payment due pursuant to 11 U.S.C. § 1326(a)(1) or from the date of the first payment due following confirmation. The monthly payment amount now necessary to complete the total payout of the amount confirmed will, under the trustee's calculations, depend on which date is used for measuring the repayment period, which will in turn determine how much time remains to complete payments under the plan. The payment period commences with the first payment due under the plan pursuant to § 1326(a)(1).

■ The plan is generally filed simultaneously with the petition for Chapter 13 relief, but if it is not then filed the petitioner must file a plan fifteen (15) days from the date of the petition filing. *See* Federal Rule of Bankruptcy Procedure ("FRBP") 3015(b). Under the mandate of 11 U.S.C. § 1326(a)(1), "[u]nless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed." Under these provisions, payments under the plan must commence no later than 45 days after filing the Chapter 13 petition. In this district, plan confirmation hearings are held and suitable plans confirmed as soon as practicable after expiration of the deadline for the filing of nongovernmental entity claims, usually within 5 months of filing. Pursuant to § 1326(a)(2), the preconfirmation payments made by the debtor are retained by the trustee until confirmation of the plan. If the plan is confirmed, the debtor continues making payments to the trustee, who begins disbursing the monies collected to creditors. *Id.*

The length of the period of repayment is limited by 11 U.S.C. § 1322(c)[1], which provides,

The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

11 U.S.C. § 1322(c). This limitation is found again in § 1329(c), relevant to modification of a confirmed plan:

A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C. § 1329(c).

In this case, cause was demonstrated and the plan of repayment for a length of five years was confirmed November 12, 1991. Due to plan payment defaults, the debtors will need to modify their plan to increase the future monthly payments in order to pay the total amount of payment originally confirmed. The debtors seek permission to extend the payment period to five years from the date of confirmation, thus allowing them to make smaller monthly payments than would be required by the earlier deadline imposed by measuring the payment period from the date on which the first payment is due.

■ The trustee correctly argues that the point to begin measuring the five-year repayment period is the date the first payment is due. The appropriate time from which to calculate the length of the Chapter 13 plan is the date at which the debtor is first obligated to begin making payments. *In re Duckett*, 139 B.R. 6, 8 (Bankr.E.D.Tex.1992). *See also In re Woodall*, 81 B.R. 17, 18 (Bankr. E.D.Ark.1987); *In re Neill*, 158 B.R. 93, 97 (Bankr.N.D.Ohio 1993); *In re Howell*, 76 B.R. 793 (Bankr.D.Or.1986). To allow the payment limitation period to begin at confir-

---

1. This Code section was renumbered under the Bankruptcy Reform Act of 1994, Pub.L.No. 103–394, 108 Stat. 4106 (1994), and is now § 1322(d). Former § 1322(c) is worded identically to now § 1322(d), hence the limitation provided by this Code section applies to all Chapter 13 cases, whether filed before or after the effec-

tive date of the Bankruptcy Reform Act, October 22, 1994. I will refer to pre–1994 § 1322(c) as applying to this case because it was commenced prior to the effective date of the Bankruptcy Reform Act, but this decision applies to cases under current § 1322(d).

mation would allow for intentional delays in achieving confirmation to manipulate the mandatory time periods set forth in § 1322(c). *In re Cobb*, 122 B.R. 22, 27 (Bankr.E.D.Pa.1990). Additionally, commencing the time length of the payment period from confirmation would impose an additional burden on the debtors, not authorized by the Code, requiring the making of pre-petition payments due pursuant § 1326(a)(1), but not counting those payments under the term set forth in the plan. The five-year maximum repayment period imposed by § 1322(c) and § 1329(c) would be impermissibly extended by the amount of time passing between filing and confirmation. Precedent in the district agrees with calculation of the repayment period from the date the debtor is first obligated to begin making payments. *In re Green*, 169 B.R. 480, 483 (Bankr. S.D.Ga.1994, Walker, J.). I agree with the starting point established in *Green* and find that the Chapter 13 payment period commences with the date the first payment is required to be made under § 1326(a)(1).

The "disposable income" test found in § 1325(b)(1)(B) supports this analysis. Under this test, a court may not approve a plan over the objection of the trustee or the holder of an allowed unsecured claim unless,

> the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1)(B).

Either the payments made preconfirmation are not counted in the minimum three-year period of § 1325(b)(1)(B) resulting in the debtor being required to pay more than three years, clearly not mandated by this Code provision or separate calculation periods for plan payments are required under various provisions of Chapter 13, which is neither logical nor justified by the statute.

> Counting the three year and five year time periods in §§ 1322(c) and 1325(b)(1) from the point at which payments are required to commence by § 1326(a)(1) minimizes the potential for manipulation of the counting of time periods by delay in reaching confir-

mation, and provides an easy point from which to calculate the duration of the plan in all Chapter 13 cases....

5 *Norton Bankruptcy Law and Practice 2d* § 121:14, 121–128 (1995). I agree with this reasoning and find that the most logical point from which to begin counting the repayment period is at the time the debtor is first required to make payments under § 1326(a)(1).

Several courts, including the Court of Appeals for the Fourth Circuit and the Ninth Circuit Bankruptcy Appellate Panel, have held that the payment period commences with the first payment due after confirmation. The Fourth Circuit holds that the plan repayment period commences at confirmation because payments due prior to that time are due under only an unconfirmed plan. *West v. Costen*, 826 F.2d 1376, 1378 (4th Cir.1987). The court relied on § 1329 to justify the payment period of the modified plan. Section 1329 permits modification of a plan after confirmation but requires in subsection (c) that the plan not provide for payments more than three years (or five years, for cause, as in § 1322(c)) after the time the first payment under the original confirmed plan was due. *Accord In re Martin*, 156 B.R. 47, 50 (9th Cir. BAP 1993); *In re Cook*, 148 B.R. 273, 281 (Bankr.W.D.Mich.1992). *See also In re Eves* 67 B.R. 964, 967 (Bankr. N.D.Ohio 1986).

I respectfully disagree with the Fourth Circuit's reasoning. While it is true that prior to confirmation the payments are due under an unconfirmed plan, the plan will not be confirmed if the payments are not made. When payments are not made preconfirmation, the obvious conclusion is that the plan is not feasible and should not be confirmed. The delay between filing and confirmation effectively operates as a feasibility test. Preconfirmation payments are required under the plan due in part to the necessity of those payments for confirmation. Upon confirmation, payments to the trustee are required under the terms of the confirmed plan, including all payments made prior to confirmation. The "first payment under the original confirmed plan was due" 30 days after the

filing of the plan under 11 U.S.C. § 1326(a)(1).

In this case the plan was filed May 28, 1991, thus the first payment thereunder was due June 28, 1991. Cause having been demonstrated and a five-year plan of repayment having been confirmed November 11, 1991, the plan payments must be concluded by June 28, 1996, five years after the date the first payment was due under the confirmed plan.

It is therefore ORDERED that within ten (10) days of the date of this order the trustee shall calculate and advise the debtors of the payment necessary to conclude the plan within the time remaining. Within twenty (20) days of compliance by the trustee the debtors shall file a modification which shall be noticed for hearing at the next available date.

Upon filing of a modification the trustee's motion to dismiss is ORDERED continued for final hearing in conjunction with the debtors' modification. In the event the debtors fail to file a plan modification within the time limits set forth herein, the trustee's motion to dismiss will be granted without further hearing or notice.