**In re William Henry COLLIER
and Nichole Danielle
Collier, Debtors.**

**Bankruptcy No. B93–02618 PHX JMM.**

United States Bankruptcy Court,
D. Arizona.

March 4, 1996.

David Allegrucci, Dwayne Farnsworth, Mesa, AZ, for debtors.

Virginia Matte, Davis & Lowe, P.C., Phoenix, AZ, for trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW and RULING

JAMES M. MARLAR, Bankruptcy Judge.

At a hearing on January 5, 1996, the trustee and the debtor proposed the filing of briefs, and oral arguments, concerning the issue of whether a debtor may extend a chapter 13 plan beyond a period of 60–months, which 60–month period commences no later than 45 days from the filing of the original petition. The Trustee was represented by Virginia Matte of Davis & Lowe; the debtor was represented by David Allegrucci of Farnsworth & Allegrucci. After considering the law concerning the issues, and after having reviewed the entire file as well as the authorities cited in the parties' briefs, the court renders the following findings of fact, conclusions of law and order.

### I. FINDINGS OF FACT.

1. The debtors filed their chapter 13 petition on March 17, 1993. The plan which was proposed at that time was a 60–month plan. The debtors agreed to pay $21,360 into the plan.

2. The plan was confirmed on April 18, 1994 (Dkt. 12). However, the plan had been slightly amended from that originally proposed, and the confirmed plan proposed to pay $24,768 over the life of the plan.

3. On June 1, 1995, the debtors proposed a 4–month moratorium, which was later withdrawn and vacated. In its place, the debtors filed a modified plan on October 4, 1995, which again provided for a 60–month plan, paying creditors a total of $26,500.

4. The "modified" plan was unique in that it proposed, as its "first payment," that all payments made since the date of filing (March 17, 1993) to August, 1995, in the sum of $8,800 be considered to be the "first payment" under the plan.

5. The plan would then run for an additional 60 months, terminating with the last payment in September of the year 2000. The monthly payments from September, 1995 through September, 2000, were to be in the amount of $300 per month.

6. The plan would provide the creditors with a 37.2% dividend.

7. The trustee responded in opposition to the plan, contending that it was an impermissible 89–month plan.

8. The court ordered briefing and set oral argument for March 1, 1996.

9. The parties have drawn battle lines over the interpretation of when the 60–month period begins and ends. The trustee's contention is that the 60–months begins no later

than 45–days after the filing of the original petition, the outside date by which the first payment is required to be made. The debtors, on the other hand, contend that the 60–month period begins anew with the filing of the amended or modified plan, thereby effectively extending the initial 60–months by an additional 29 months.

## II. *ANALYSIS.*

### A. *Applicable Statutes And Rules.*

Chapter 13 of the Bankruptcy Code, and the Federal Rule of Bankruptcy Procedure, impose a number of strict deadlines and limitations on debtors who opt for reorganization over liquidation. Except upon leave of the court, the debtor is obligated to file a plan within 15 days after commencing the bankruptcy. Rule 3015 states:

> The debtor may file a chapter 13 plan with the petition. If the plan is not filed with the petition, it *shall* be filed within 15 days thereafter, and such time *may not be further extended except for cause shown* and on notice as the court may direct. If a case is converted to chapter 13, a plan shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct. (emphasis added).

*Fed.R.Bankr.P.* 3015(b). The debtor is also obligated to commence payments to the trustee within 30 days of proposing a plan. Section 1326(a)(1) provides:

> Unless the court orders otherwise, the debtor *shall* commence making the payments proposed by a plan within 30 days after the plan is filed. (emphasis added).

11 *U.S.C.* § 1326(a)(1). The proposed plan cannot provide for a term of *payments* in excess of three (3) years, unless the court for cause shown extends the period. 11 *U.S.C.* § 1322(c). The court may not, however, extend the payment period beyond 5 years. *Id.*

A similar limitation is also contained in Section 1329(c), which allows modification of a confirmed plan of reorganization:

> A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original

confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time. 11 U.S.C. § 1329(c). Sections 1322(c) and 1329(c) are clear as to the allowable payment duration of a plan. Section 1326(a)(1) and Rule 3015 are similarly clear with respect when the payment period begins.

### B. *The Split In The Federal Courts.*

Despite the relatively clear statement of the law in the applicable statutes and rules, two schools of thought have developed with respect to calculating the duration of a plan. One approach is to calculate the period from confirmation. *West v. Costen,* 826 F.2d 1376, 1378 (4th Cir.1987); *In re Eves,* 67 B.R. 964, 966–967 (Bankr.N.D.Ohio 1986). The rationale for this approach is the language of Section 1329(c) which provides that the duration of an amended plan may not extend longer than 60 months "after the time that the first payment under the original *confirmed* plan was due (emphasis added)." Because the statute makes reference to a confirmed plan, some courts have concluded that confirmation is the trigger point and, in so doing, they have given themselves the room they need to assist debtors who would otherwise be unable to continue a chapter 13 plan.

The second approach is to start the clock running with the first payment to the trustee, which is due 30 days after the plan is filed. *In re Duckett,* 139 B.R. 6 (Bkrtcy. E.D.Tex.1992); *In re Cobb,* 122 B.R. 22, 26–27 (E.D.Pa.1990) (60 month period runs from date debtor is first obligated to make payments, which is a 45 day maximum after filing the case); *In re Woodall,* 81 B.R. 17, 18 (E.D.Ark.1987) (60 month period runs from entry of order requiring the commencement of payments).

The second approach clearly limits the discretion of the court in fashioning relief for deserving debtors, but is, in this court's opinion, the better-reasoned view. The more lenient view requires a strained reading of the Code. If Congress intended to calculate the 60–month duration from plan confirmation, it picked an unusual and confusing way to express its intent. The statute dealing

with modifications provides that a modified plan "may not provide for payments over a period that expires after three years after the time that the *first payment* under the original confirmed plan *was due* ... (emphasis added)." § 1329(c). If the drafters meant to start the clock upon confirmation, it would have been much easier and clearer to simply say that a modified plan "may not provide for payments over a period that expires after three years after *confirmation of the first plan.*" Congress did not use this language and we must, therefore, assume that there was a reason. This court believes that such reason was expressed in § 1326(a)(1), which states: "Unless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed." In fact, the legislative history speaks to the issue. The Senate Report states as follows:

> At any time prior to the completion of payments under a confirmed plan the plan may be modified, after notice and hearing, to change the amount of payments to creditors or a particular class of creditors and to extend or reduce the payment period. A modified plan may not contain any provision which could not be included in the original plan as prescribed by section 1322. A modified plan may not call for payment to be made beyond five years *as measured from the date of the commencement of payments* under the original plan (emphasis added).

S.Rep. No. 989, 95th Cong., 2d Sess. 143 (1978), U.S.Code Cong. & Admin.News 1978, p. 5929 *quoted in In re Bereolos,* 126 B.R. 313, 318–319 (Bkrtcy.N.D.Ind.1990). There is nothing in the statute nor the legislative history to suggest that confirmation is the starting point for measurement of plan payment duration. Reference is always made to the commencement of payments, which is governed by § 1326.

### C. *Policy.*

Notably, the policy of chapter 13 supports the stricter view of the law. The legislative history clearly indicates that the limitation on the duration of a plan was intended as a protection for the debtor because it prevents the possibility of an unduly burdensome and lengthy repayment plan. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 117 (1977), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6078 *quoted in 5 Collier on Bankruptcy,* para. 1322.15 at 1322–37 (15th ed. 1991) and *In re Duckett, supra* at 8. As a matter of public policy, allowing a debtor to make payments for more than 60 months is contrary to the debtor's best interest.[1] Thus, the duration of the plan should be calculated from the commencement of the payments.

### D. *Ninth Circuit Authority.*

In the Ninth Circuit, both schools of thought have been mentioned by the Bankruptcy Appellate Panel. Most recently, in *In re Nicholes,* 184 B.R. 82 (9th Cir. BAP 1995) (Judges Russell, Meyers and Jones) the panel stated:

> Under Chapter 13, a debtor must complete plan payments within 36 months or, with leave of court, not later than 60 months. 11 U.S.C. § 1322(c). This time period begins running from the date at which the Chapter 13 debtor is first obligated to begin making payments to the trustee under the unconfirmed plan—*i.e.* within 45 days after the petition is filed—as opposed to the date at which the first payment becomes due under the confirmed plan. [citations omitted].

*In re Nicholes, supra* at 87. However, in *In re Martin,* 156 B.R. 47 (9th Cir. BAP 1993) (Judges Ashland, Meyers, and Ollason) the BAP had previously stated:

> The 60 month time period begins to run from the date the first payment becomes due after confirmation of the debtor's Chapter 13 plan. *West v. Costen,* 826 F.2d 1376, 1378 (4th Cir.1987) and *In re Eves,* 67 B.R. 964, 967 (N.D.Ohio 1986); *c.f., In re Duckett,* 139 B.R. 6, 7–8 (E.D.Tex.1992) and *In re Cobb,* 122 B.R. 22, 26–27 (E.D.Pa.1990) (60 month period runs from date debtor is first obligated to make pay-

---

1. This is ironic because the Fourth Circuit in *West v. Costen, supra,* obviously thought it was promoting the debtor's best interest by making sure that a plan was confirmed. This, objective, however, was apparently not the most important in the view of Congress.

ments; 45 days after filing the case); *In re Woodall*, 81 B.R. 17, 18 (E.D.Ark.1987) (60 month period runs from entry of order to commence payments).

*Id.* at 50. Because these statements are in direct conflict, the next step is to determine whether either statement was necessary to the holding of either *Nicholes* or *Martin*, and, therefore, binding upon this court.

In *Nicholes*, the panel was considering the debtor's eligibility under § 109. Because it was not necessary to pass judgment on the duration of the plan in order to determine the debtor's eligibility, the court's statement was unnecessary to its holding and is, therefore, dicta. The same is true of *Martin*. The *Martin* panel did not directly consider the plan duration. It was confronted with a debtor who filed chapter 13 and confirmed a plan shortly thereafter. Months later, her disability income was drastically reduced and, as a result, she defaulted on her plan payments. The case was ultimately dismissed. Subsequently, the debtor's disability income was increased and she filed Chapter 13 for a second time. Her proposed plan provided for payments over a 60–month period. The secured creditor opposed the plan and argued that the second plan violated the 60–month rule. In asserting this argument, the secured creditor lumped the debtor's two cases together and argued that the 60–month payment measure started from the commencement of payments under the plan in the first case. The BAP rejected the creditor's argument, concluding that "[n]either § 1322(c) nor the legislative history conditions the time limitation of § 1322(c) in the event of multiple filings." *In re Martin, supra* at 51.

It is also noteworthy that even if the statement in *Martin* regarding plan duration was not dicta, the holding is not binding upon this court because *Martin* is distinguishable from the present case because it did not involve a plan modification. Instead, it involved two plans filed in two separate cases. Here, the issue of plan duration arose when the debtors attempted to modify their plan. Indeed, the entire issue of plan duration arises out of the language, quoted above, which is contained in § 1329, entitled "Modification of plan after confirmation." The typical fact pattern involves a case where there has been a delay between the filing of the case and the confirmation of the plan. The debtor usually seeks to modify the plan and to take advantage of the delay by proposing a repayment schedule which is only 60 months from the confirmation of the original plan, but which is more than 60 months from the required commencement of payments under the plan. If the Fourth Circuit's approach is followed, the debtor can confirm a modified plan which includes 60 post-confirmation payment PLUS all pre-confirmation payments. This gives the debtor a great deal of flexibility and makes the entire process subject to varying degrees of calendar congestion, individual judicial philosophy on continuances, general delay, or the like. More importantly, it creates an incentive for the debtor to delay plan confirmation if plan feasibility is a problem. However, *Martin* did not involve a plan modification. The *Martin* panel concluded that the limitation imposed in § 1329 applies only to plan modifications, not serial filings. Thus, plan duration was not even at issue in *Martin* and this court is now faced with an issue of first impression in the Ninth Circuit.[2]

## III. *CONCLUSION.*

Based upon the foregoing analysis, the court concludes that:

1. Plan payments must commence no later than 45 days after the commencement of the case;

2. Payments must be concluded within 36 months after the first payment (maximum of 3 years, 45 days);

3. For cause shown, a debtor may allowed to extend plan payments over a 60–

---

**2.** The court is aware that two other bankruptcy courts in this district have ruled upon this issue. On February 8, 1996, Judge Redfield T. Baum in *In re Litz*, Bankruptcy Case No. 95–1997–PHX–RTB, ruled consistent with this opinion. However, on February 26, 1996, Judge Charles G. Case II, in *In re Serna*, 193 B.R. 537 (Bkrtcy.D.Ark. 1996), ruled that the 60–month maximum is measured from confirmation of the plan.

month period from the first payment (maximum of 5 years, 45 days);

4. Modifications to the plan do not change the time periods set forth above.

For the foregoing reasons, **IT IS ORDERED** denying confirmation of the debtor's amended and modified plan, the court finding that the payment terms exceed the 60–months, the maximum allowed by law. A form of order with regard to this issue has been entered simultaneously with the entry of the findings of fact and conclusions of law.