**In the Matter of George Ellis MUSSELMAN and Barbara Ann Musselman, Debtors.**

No. 03–36356.

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

July 22, 2005.

Jennifer W. Prokop, Hoehner & Associates, P.C., South Bend, IN, for debtor.

Andrew M. David, Doyle & Friedmeyer, P.C., Indianapolis, IN, for American Business Credit, Inc.

Debra L. Miller, South Bend, IN, Chapter 13 Trustee.

## ORDER

HARRY C. DEES, JR., Chief Judge.

Before the court are the Second Amended Plan of the debtors George Ellis Musselman and Barbara Ann Musselman ("debtors") and two documents filed by American Business Credit, Inc. ("ABC" or "creditor"): the "Objection to Confirmation of Debtor's [sic] Second Amended Plan and Request for Telephonic Hearing," filed on November 19, 2004, and the "Motion for Relief From Stay and for Abandonment of Real Estate," filed on December 16, 2004. After numerous continuances of scheduled trials on these matters, on March 23, 2005 the parties filed a "Stipulation (1) To Resolve Motion For Relief From Automatic Stay and (2) To Partially Resolve Objection To Confirmation Of Second Amended Chapter 13 Plan." The next day the court removed the trial from the calendar and directed the parties to file simultaneous briefs on the one issue remaining to be resolved: the date from which the 60–month time limitation of the debtors' chapter 13 plan is to be measured. Upon the expiration of the briefing and reply period, the matter was taken under advisement.

## Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana Local Rule 200.1, the United States District Court for the Northern District of Indiana has referred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(G), (L) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7052. Any conclusion of law more properly classified as a factual finding shall be deemed a fact, and any finding of fact more properly classified as a legal conclusion shall be deemed a conclusion of law.

## Background

The debtors filed their chapter 13 petition on November 3, 2003, and their first chapter 13 plan on December 14, 2003. Presently before the court are their Second Amended Plan, filed on November 3, 2004, and ABC's Objection to Confirmation

of that plan and Motion for Relief from Stay. The parties were able to resolve the Motion for Relief from Stay and all but one of ABC's Objections to Confirmation with the filing of a Stipulation on March 23, 2005. Pursuant to their Stipulation, the debtors agreed to maintain fire and hazard insurance and to pay post-bankruptcy real estate taxes, in full compliance with the terms of the mortgage. In addition, the debtors stipulated that, if their bankruptcy case was dismissed or converted before ABC had received full payment of their allowed secured claim, the chapter 13 plan's provision for avoidance of ABC's lien in excess of ABC's allowed secured claim would be inoperative and ABC's mortgage lien would secure all amounts due to ABC. *See* R. 159 (Stipulation of March 23, 2005).

The only issue remaining to be resolved is whether the debtors' second amended plan is unconfirmable because it extends beyond the 60–month time limitation. The plan states that "[c]onfirmation of this Plan shall constitute a finding of fact that ... there is cause, as required by 11 U.S.C. § 1322(d), to extend the period over which plan payments are to be made to a period of up to five years from the date of confirmation." R. 112 at 2. The parties' disagreement focuses on the debtors' assertion that they can measure the five-year payment period from the date of confirmation. The debtors insist that the plan must be completed within 60 months of the date the first payment is due following confirmation. *See* R. 165 at 5. They rely upon the decision of the Fourth Circuit Court of Appeals in *West v. Costen,* 826 F.2d 1376 (4th Cir.1987), which stated that the five-year limitation begins to run at the time "the first payment under the original confirmed plan is due." *Id.* (quoting *West,* 826 F.2d at 1378). The debtors point out that the Fourth Circuit is the highest court to address this issue, that *West v. Costen*

has not been overturned, and that other cases have followed the Fourth Circuit's conclusion. *See id.* at 5–7; *see also* R. 166, Debtors' Reply Brief, at 2–3. In their own case, they noted, matters delaying confirmation were not caused by the debtors. They insist that their present plan, the second amended plan, needs a 60–month payment period from the date the first payment is due after confirmation in order to be able to pay the secured portion of ABC's debt.

The creditor, in contrast, asserts that the plan must be completed within 60 months of the commencement of the debtor's payments to the Trustee. *See* R. 147 at 3 (citing cases). ABC relies on Judge Lundin's treatise, which stated "that the better view is that the sixty (60) month limit for Chapter 13 plans must be computed from the date of the Debtors' first payment." R. 164 at 3 (citing Keith M. Lundin, *Chapter 13 Bankruptcy,* § 256.1 (3d ed.2002)). ABC argues that this computation, from the date of the debtor's first payment, does not allow a debtor unfairly to evade the five-year rule though delays in confirmation. It urges the court to deny confirmation of the debtors' Second Amended Plan on the ground that it extends beyond the 60–month absolute limitation for a chapter 13 plan.

At the end of the briefing period, the court took under advisement the legal issue of the triggering event or date from which the duration and completion date of the debtors' plan is measured.

### Discussion

■ The court is asked to consider when the payment period under a chapter 13 plan begins to run: from the date of the first payment due to the Trustee, from the date of the first payment due after confirmation, or from some other date. It be-

gins with the language of the statute. The Bankruptcy Code requires an individual with regular income planning to reorganize his or her debts under chapter 13 to file a proposed plan of reorganization, and it limits the duration of that plan to three years. *See* 11 U.S.C. § 1321; § 1322. Section 1322(d) allows a debtor, if he or she demonstrates "cause," to extend the plan beyond three years, but for no reason may it extend beyond five years.[1] However, the Code does not state explicitly from which date to begin counting the time period.

Nevertheless, the Code does impose "strict deadlines and limitations on debtors who opt for reorganization over liquidation." *In re Collier*, 193 B.R. 1, 2 (Bankr.D.Ariz.1996). The debtor is required to file a plan within 15 days after filing the petition. *See* Fed. R. Bankr.P. 3015(b). He is obligated, as well, to initiate plan payments to the Trustee "within thirty days after the plan is filed." 11 U.S.C. § 1326(a)(1). Even if he decides to modify the plan before confirmation, a debtor "may not modify the plan so that the plan as modified fails to meet the requirement of section 1322." 11 U.S.C. § 1323. It is clear to this court, therefore, that a debtor must commence payments to the Trustee under the chapter 13 plan within 30 days of filing the plan and that the plan may not provide for payments over a period that is longer than five years. Following these statutory provisions, the straightforward conclusion, in the view of this court, is that "the duration of the plan should be calculated from the commencement of the payments." *In re Collier*, 193 B.R. at 3.

Apparently this conclusion is not so obvious to other courts, however. Although most courts follow this court's method of calculating the time period, bankruptcy decisions have selected other possible dates from which to begin counting the three-year or five-year period, such as (1) the date of the filing of the case[2], (2) the date of confirmation[3], and (3) the date of entry of the order to commence payments.[4] Judge Keith M. Lundin, "the leading expert on Chapter 13 bankruptcy practice," *Christensen v. Black (In re Black)*, 292 B.R. 693, 701 (10th Cir. BAP 2003), author of the universally respected treatise on Chapter 13 bankruptcies, considered those alternatives in calculating the length of a plan and concluded:

> Reading §§ 1322(d), 1325(b)(1)(B), 1326(a)(1) and 1329(c) all together, the three- and five-year periods would be counted from the date that the first payment was due from the debtor, which would ordinarily be within 30 days after

---

1. Section 1322(d) states: "The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." 11 U.S.C. § 1322(d). The legislative history of the section reflects the concern of Congress that the debtor be protected from an overly burdensome, lengthy repayment plan. *See* 8 Collier on Bankruptcy ¶ 1322.17[1] at 1322–57 (Alan N. Resnick & Henry J. Sommer, Eds.-in-chief, 15th ed. rev'd 2005) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 117 (1977), U.S.C.C.A.N. 1978, pp. 5787, 6078).

2. *See, e.g., Nicholes v. Johnny Appleseed of Washington (In re Nicholes)*, 184 B.R. 82, 87 (9th Cir. BAP 1995) (time period begins within 45 days after the petition is filed); *In re Collier*, 193 B.R. 1, 4 (Bankr.D.Ariz.1996) (same).

3. *See, e.g., West v. Costen*, 826 F.2d 1376, 1378 (4th Cir.1987) (time period begins on due date of "first payment under the original confirmed plan"); *In re Endicott*, 157 B.R. 255, 262–63 (W.D.Va.1993) (same).

4. *See, e.g., In re Woodall*, 81 B.R. 17, 18 (Bankr.E.D.Ark.1987) (time period begins from court order).

the plan is filed, absent court order to the contrary.

3 Keith M. Lundin, *Chapter 13 Bankruptcy*, 3d Ed. § 200.1 at 200–2 (2000 & Supp. 2004). The treatise pointed out the drawbacks to measuring the time period for a chapter 13 plan from the date of a court order:

> Given that income deduction orders under § 1325(c) are entered in some jurisdictions before confirmation and in other jurisdictions at or after confirmation, and not all courts enter separate orders implementing the requirement in § 1326(a)(1) that the debtor commence payments within 30 days after the plan is filed, greater consistency would be realized from a rule that the thee-year and five-year periods in § 1322(d) are counted from the date that the first payment was due from the debtor under § 1326(a)(1) without regard to whether the debtor actually made that payment, and without regard to whether income deduction orders were entered. This approach puts a premium on prompt commencement of payments by the debtor, consistent with § 1326(a)(1), and burdens the debtor to stay current in payments, through any delay in reaching confirmation.

*Id.* at 200–7. The treatise also analyzed the method of calculating the duration of a *modified* plan under § 1329(c). It found that, as with § 1322(d), there were several possible starting dates for that time period and that the "reported decisions fix no clear rule for counting the duration of a modified plan." *Id.* § 256.1 at 256–2. It discussed the Fourth Circuit decision, *West v. Costen:*

> In *West v. Costen*, the U.S. Court of Appeals for the Fourth Circuit parrots the statute that the five-year maximum permissible length of a modified Chapter 13 plan is counted from the date the

first payment was due under the original confirmed plan. The opinion does not identify what date that is.

*Id.* After reviewing the conflicting opinions in the Ninth Circuit case law on this issue, the treatise concluded that "the bankruptcy court in *Baxter v. Evans (In re Evans)* explained persuasively why the five-year maximum duration in §§ 1322(d) and 1329(c) should be counted from the date on which the first payment was due under § 1326(a)(1)":

> The appropriate time from which to calculate the length of the Chapter 13 plan is the date at which the debtor is first obligated to begin making payments. . . . To allow the payment limitation period to begin at confirmation would allow for intentional delays in achieving confirmation to manipulate the mandatory time periods set forth in § 1322[ (d) ]. . . . [C]ommencing the time length of the payment period from confirmation would impose an additional burden on the debtors, not authorized by the Code, requiring the making of pre[confirmation] payments due pursuant [to] § 1326(a)(1), but not counting those payments under the term set forth in the plan. The five-year maximum repayment period imposed by § 1322[ (d) ] and § 1329(c) would be impermissibly extended by the amount of time passing between filing and confirmation. . . . [T]he most logical point from which to begin counting the repayment period is the time the debtor is first required to make payments under § 1326(a)(1). . . . In this case the plan was filed May 28, 1991, thus the first payment thereunder was due June 28, 1991. . . . [P]lan payments must be concluded by June 28, 1996, five years after the date the first payment was due under the confirmed plan.

*Id.* at 256–4, 256–5 (quoting in *Baxter v. Evans (In re Evans)*, 183 B.R. 331, 332–34 (Bankr.S.D.Ga.1995)).

■ This court is persuaded by the thorough, thoughtful reasoning of Judge Lundin in his treatise and of Judge Dalis in his decision *In re Evans.* After reviewing the case law and the positions in the treatises [5], the court finds first that it may not approve a plan providing for payments over a period that is longer than five years. *See* 11 U.S.C. § 1322(d); *In re Chappell*, 984 F.2d 775, 780 (7th Cir.1993) (commenting that a chapter 13 plan "may not exceed five years under any circumstances"); *see also In re Enewally*, 368 F.3d 1165, 1170 (9th Cir.), *cert. denied*, 543 U.S. 1021, 125 S.Ct. 669, 160 L.Ed.2d 497 (2004); *Key Bank Nat'l Ass'n v. Milham (In re Milham)*, 141 F.3d 420, 424 (2d Cir.), *cert. denied*, 525 U.S. 872, 119 S.Ct. 169, 142 L.Ed.2d 138 (1998); *In re Collier*, 193 B.R. at 3 ("As a matter of public policy, allowing a debtor to make payments for more than 60 months is contrary to the debtor's best interest.").

■ The court further determines that the proper point from which to begin calculating a chapter 13 repayment period is to be measured from the date that "the debtor shall commence making the payments proposed by a plan," as dictated by § 1326(a)(1), which is the date the debtor's first payment to the Trustee is due. *See, e.g., Profit v. Savage (In re Profit)*, 283

B.R. 567, 575–76 (9th Cir. BAP 2002); *In re Walters*, 223 B.R. 710, 713 (Bankr. W.D.Mo.1998); *In re Collier*, 193 B.R. at 2–3; *In re Evans*, 183 B.R. at 332–33; *In re Duckett*, 139 B.R. 6, 8 (Bankr.E.D.Tex. 1992). It also finds that this calculation of the 60–month period applies to amended plans subsequently filed by the debtor. Although an amended plan replaces the prior plan, it "does not alter obligations which have already accrued." *In re Walters*, 223 B.R. at 713.

■ In light of those determinations, the court finds that the debtors' chapter 13 plan, with its provision that plan payments are to be made for "a period of up to five years from the date of confirmation" rather than from the date the debtor commenced making payments under § 1326, violates the 5–year time limitation of § 1322(d) and cannot be confirmed under 11 U.S.C. § 1325(a)(1). It therefore sustains ABC's objection and denies confirmation of the debtors' Second Amended Plan.

*Conclusion*

In light of the reasons presented above, the court sustains the "Objection to Confirmation of Debtor's Second Amended Plan" and denies confirmation of the Second Amended Plan of the debtors George Ellis Musselman and Barbara Ann Musselman. The debtors are directed to file a third amended plan within thirty days of the date of this Order, no later than Au-

---

**5.** The authors of *Collier on Bankruptcy* lean toward the position that the time period commences 30 days after the plan is filed but do not endorse it or discuss the issue. The totality of their comment follows:

[T]here is some doubt as to when the three-year and five-year periods begin and end. Although section 1326(a)(1) requires plan payments to begin within 30 days of when the plan is filed, unless the court orders otherwise, at least one court of appeals has held that the five-year maximum

period for plan payments does not commence until confirmation of the plan. [citing *West v. Costen*, 826 F.2d 1376 (4th Cir. 1987); *see also In re Martin*, 156 B.R. 47 (9th Cir. BAP 1993).] In most cases there will not be a large difference between these two dates and, in any event, it is clear that payment periods under plans in prior chapter 13 cases are not counted.

8 *Collier on Bankruptcy* ¶ 1322.17[2] at 1322–58 (Alan N. Resnick, Henry J. Sommer, Eds., 15th ed. rev'd 2005).

gust 22, 2005. Failure to comply with this order will cause the above-captioned chapter 13 case to be dismissed pursuant to 11 U.S.C. § 109(g)(1) without further notice or hearing.

The court's approval of the Stipulation entered into by and between the debtors and ABC on March 23, 2005, will be entered by separate order.

SO ORDERED.