**In re Robert D. WHITBY and Beverly A. Whitby, d/b/a Whitby Livestock, Debtors.**

**Bankruptcy No. 90–00093–12.**

United States Bankruptcy Court, D. Idaho.

Sept. 18, 1992.

Murray Jim Sorensen, Blaser & Sorensen, Blackfoot, Idaho, for debtors.

William R. Hollifield, Hollifield, Tolman & Bevan, Twin Falls, Idaho, for First Interstate Bank, N.A.

Kay Moore, Service, Green & Kerl, Pocatello, Idaho, for Farm Credit Bank of Spokane.

Warren S. Derbidge, Asst. U.S. Atty., D. Idaho, Boise, Idaho, for Farmers Home Admin.

Forrest Hymas, trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

At issue in this chapter 12 proceeding are the debtors' motion to modify their chapter 12 plan and the motion of the chapter 12 standing trustee to dismiss the case.

At the hearing held on both issues on September 14, 1992, the debtors failed to appear in support of their modification. Thus, the sufficiency of the proposed modification will be examined as to whether the plan is capable of being confirmed, in light of the objections to the modification, under the provisions of 11 U.S.C. §§ 1222 and 1225. Objections have been filed by Farmers Home Administration, Farm Credit Bank, Internal Revenue Service and Roger Crist and Jack Miller. The trustee is also adamant about recommending confirmation of the modified plan on the basis of the past history of the debtors' proceedings in this case and previous filings in this Court. That history deserves recitation.

The debtors' first filing was a chapter 11 petition in May of 1983. A chapter 11 plan was confirmed in August of 1987. The present chapter 12 petition was filed in January of 1990 and was confirmed in September of 1991. Under the original plan, the first payment was due in November of 1991 and was paid. The second payment was due in December of 1991 which was not made, and the debtors have not made any payments to the trustee since. The debtors have instead proceeded through a series of attempted modifications, culminating in the present amended plan. All proposed modifications have received objections and the motion to dismiss of the trustee for failure to make plan payments has remained pending.

The second amended plan of the debtors cannot be confirmed. The plan purports an additional five year period with the first annual payment due on most claims on December 1, 1992. Since 11 U.S.C. § 1222(c) limits a plan to a five year period, the modification cannot be effectuated since the time begins to run at the time the first payment is scheduled under the original chapter 12 plan.[1]

While the debtors have not offered evidence on the issue of feasibility of the proposed modified plan, the requirement of completion of the plan by 1995 would apparently render any further modification unfeasible. The debtors failure to make payments on the present plan since November of 1991 leads to the conclusion the original plan was not feasible. It would appear the inevitable conclusion is that the debtors are incapable of obtaining confirmation of a chapter 12 plan and the trustee's motion to dismiss should be granted under the provisions of 11 U.S.C.S. § 1208(c)(1), (5), (6), (7) and (9).

A separate order will be entered ordering the dismissal of the case in fifteen (15) days from date hereof to allow the debtors time to convert, if they wish to do so.

---

1. *In re Woodall,* 81 B.R. 17 (Bankr.E.D.Arkansas, 1987) was a chapter 13 case which held the five year limitation afforded by 11 U.S.C. § 1322(c) should be computed from the date of entry of the order to the debtors to commence making payments. The same concept would apply in the chapter 12 context, otherwise modifications during the life of the plan could extend the plan period indefinitely. *See also, In re Jackson,* 91 B.R. 473 (Bankr.N.D.Illinois, 1998) which holds serial filings cannot be used to achieve what is prohibited under § 1322(c).